UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

PREPARED FOOD PHOTOS, INC., f/k/a ADLIFE    )
MARKETING & COMMUNICATIONS CO., INC.,    )
    )
    Plaintiff,    )
    )
    v.    )    No. 6:24-cv-00351-RRS-DGA
    )
CLYDE'S CHICKEN KING, INC. d/b/a    )
CHICKEN KING,    )
    )
    Defendant.    )

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

FACTS AND PROCEEDINGS TO DATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

THE ACTION SHOULD BE DISMISSED AS UNTIMELY . . . . . . . . . . . . . . . . . . . . . . . 6

    A.    Summary Judgement Should be Granted Because Plaintiff in Fact Discovered the Alleged Infringement More than Three Years Before This Action Was Commenced . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    B.    Summary Judgment Should Be Granted Because Plaintiff, Having Failed to Do Equity, Cannot Invoke the Discovery Rule as an Equitable Exception to the Statute of Limitations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    C.    This Action Should Be Dismissed as Untimely Pursuant to Rule 12(b)(6) Because, as a "Seasoned Copyright Litigator," Plaintiff Cannot Take Advantage of a Claim That It Did Not Discover the Alleged Infringement Until 2022 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## TABLE OF AUTHORITIES                     Page(s)

**CASES**

*Adlife Marketing & Communications Co., Inc. v. Buckingham Brothers, LLC*,
    2020 WL 4795287 (N.D.N.Y. Aug. 18, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Archer v. Nissan Motor Acceptance Corp.*,
    550 F.3d 506 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Aspen Technology v. M3 Technology*,
    569 Fed. Appx. 259 (5th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bell v. Oakland Community Pools Project*,
    2020 WL 13695114 (N.D. Cal. Oct. 14, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Cuffaro v. Fashionisto LLC*,
    2020 WL 5077449 (S.D.N.Y. July 9, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Dash v. Mayweather*,
    731 F.3d 303 (4th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Funk v. Stryker Corp.*,
    631 F.3d 777 (5th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Gaylord v. United States*,
    777 F.3d 1363 (Fed. Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Ghirmay v. Tsegia*,
    2010 WL 148276 (E.D. La. Jan. 11, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Graper v. Mid-Continent Casualty Co.*,
    756 F.3d 388 (5th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Holmberg v. Armbrecht*,
    327 U.S. 392 (1946) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Deepwater Horizon*,
    934 F.3d 434 (5th Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Janvey v. GMAG, L.L.C.*,
    2024 WL 1189945 (5th Cir. Mar. 20, 2024). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Jarvis v. K2 Inc.*,
    486 F.3d 526 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Juliff v. Headout, Inc.*,
    2021 WL 3887764 (S.D.N.Y. Aug. 31, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Leonard v. Stemtech Int'l*,
    834 F.3d 376 (3d Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Lixenberg v. Complex Media*,
    2023 WL 144663 (S.D.N.Y. Jan. 10, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Love v. Tyson Foods*,
    677 F.3d 258 (5th Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Martinelli v. Hearst Newspapers*,
    65 F.4th 231 (5th Cir. 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Martins v. 3PD*,
    2013 U.S. Dist. LEXIS 45753, 2013 WL 1320454 (D. Mass. Mar. 28, 2013). . . . . . . . . 3

*McGlynn v. Towers Investors.com Inc.*,
    2021 WL 1777758 (S.D.N.Y. May 5, 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Minden Pictures v. Complex Media*,
    2023 WL 2648027 (S.D.N.Y. Mar. 27, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Minden Pictures, Inc. v. Buzzfeed, Inc.*,
    390 F. Supp. 3d 461 (S.D.N.Y. 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*On Davis v. The Gap, Inc.*,
    246 F.3d 152 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Ozuzu v. Function(x), Inc.*,
    2020 WL 4926247 (S.D.N.Y. Aug. 21, 2020) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11

*Pires v. UOB Holdings (USA)*,
    2022 WL 902464 (S.D.N.Y. Mar. 28, 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Pond Guy v. Aquascape Design*,
    2014 U.S. Dist. LEXIS 85504, 2014 WL 2863871 (E.D. Mich. June 24, 2014) . . . . . . . . 3

*Prepared Food Photos v. Chicago-Market-Distributors*,
    2023 WL 3570673 (D. Colo. Apr. 18, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Prepared Food Photos v. Lakess Super Market*,
    2023 WL 9375379 (W.D. Mich. Dec. 15, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Prepared Food Photos v. Lakes Super Market*,
    2024 WL 246451 (W.D. Mich. Jan. 23, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Prepared Food Photos v EatFood Distributors*,
    Case No. 1:23-cv-08036-JLR (S.D.N.Y. Jan. 5, 2024). . . . . . . . . . . . . . . . . . . . . . . . . 4

*Prepared Food Photos v. Trip Rest.*,
    2023 WL 2955298 (S.D.N.Y. Apr. 14, 2023). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*PYCA Industries v. Harrison County Waste Water Management District*,
    177 F.3d 351 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Romanowicz v. Alister & Paine*,
    2018 WL 4762980 (S.D.N.Y. Aug. 3, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Terry v. Masterpiece Advertising Design*,
    2018 WL 3104091 (S.D.N.Y. June 21, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Weinhoffer v. Davie Shoring*,
    23 F.4th 579 (5th Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**STATUTES AND RULES**

Copyright Act of 1976

    17 U.S.C. § 412(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    17 U.S.C. § 504(c)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    17 U.S.C. § 507(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    17 U.S.C. § 505. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Federal Rules of Civil Procedure

    Rule 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 11
    Rule 56 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

**MAY IT PLEASE THE COURT** Defendant Clyde's Chicken King, Inc. d/b/a Chicken King submits the following Memorandum in Support of its Motion to Dismiss, or in the Alternative for Summary Judgment. For the reasons stated more fully below, the motion should be granted, and the claims of the plaintiff, Prepared Food Photos, Inc., f/k/a Adlife Marketing & Communications Co., Inc. should be dismissed with prejudice.

## INTRODUCTION

In this case, a company whose main business is making copyright claims has brought suit against a family-owned fast food restaurant located in Port Barre and Opelousas, seeking up to $150,000 in damages, for allegedly infringing its copyright in a single photograph of fried chicken. The photo was posted to the defendant's website when it was published in early 2016; the statute of limitations for copyright infringement claims is three years; and plaintiff first discovered the alleged infringement nearly five years ago. Moreover, the company seeks to recover attorney fees and statutory damages, even though it did not register its copyright in the photo until September 2016 and hence is legally precluded from that relief.

Defendant now moves to dismiss and for summary judgment because the statute of limitations has long passed, and plaintiff should not be allowed to invoke the discovery rule, for several reasons. First, undisputed evidence shows that plaintiff first found the allegedly infringing uses in June 2019, not on the August 2022 date of discovery that is alleged in the complaint. Indeed, before August 2022 plaintiff sent defendant several demand letters threatening to sue for statutory damages up to $150,000 as well as attorney fees unless defendant paid either $8,000 or $16,000. Second, because the discovery rule is an equitable rule, the maxim that a party that seeks to invoke equity must do equity comes into play. The sending of demand letters containing unsupportable threats to seek a huge monetary recovery, in the apparent hope of taking advantage of an

unsophisticated small business, is the opposite of equity, and that alone is a reason to refuse to allow plaintiff to invoke the discovery rule.  Third, several decisions have held that "seasoned copyright litigators" may not take advantage of the discovery rule.  Here, the Court can take judicial notice of the fact that PACER reflects more than 270 copyright infringement actions that plaintiff has filed since it adopted its current business model of copyright enforcement.  For all these reasons, the complaint should be dismissed.

## FACTS AND PROCEEDINGS TO DATE

For the first twenty or more years of its existence, Plaintiff Prepared Food Photos, Inc., then known as AdLife Marketing and Communications, maintained a large database of food photographs that would be of use to stores and restaurants.  Statement of Material Facts ("SMF") ¶ 3.  Plaintiff made the photos available for licensing on the stock photo site iStock.com, which is owned by Getty Images.  SMF ¶ 3.  In November 2015, a single iStock image could typically be licensed for $12.  SMF ¶ 6.

In 2016, Plaintiff pulled all of its images from stock websites because it had concluded that a different approach to licensing would enable a lucrative copyright enforcement scheme.  SMF ¶¶ 14-15.  A search of the Copyright Registry reveals that in 2016 and 2017, plaintiff registered thousands of photographs allegedly taken by its staff in the years from 1994 to 2017, the vast majority taken in the 1990s.  SMF ¶ 16.  In September 2016, it registered the copyrights in an image entitled ChickenFried013, the image at issue in this case.  Complaint ¶ 12.  No registrations of photographs taken after July 2017 appear on the Copyright Registry.  Levy Aff. ¶ 14.

Plaintiff then assigned several employees to search the Internet for websites using its photos.  SMF ¶ 19.  Based on the 2016 and 2017 registrations, over the past several years, plaintiff has filed

more than 270 copyright infringement lawsuits.  SMF ¶ 20  Almost every one of these actions appears to end either in a default judgment or a confidential settlement.  SMF ¶ 21.  The default judgments over one sixteen-month period ending in July 2023 totaled nearly $500,000.  SMF ¶ 22. In addition, plaintiff has admitted elsewhere that its current Florida counsel sent 1800 demand letters between the time it took over the representation in 2021 and November 2023.  SMF ¶ 23.  These demand letters typically threaten to sue for more than $100,000 unless the recipient pays a $30,000 settlement within 21 days.  SMF ¶ 24.  The amounts extracted by these demand letters, and the amounts recovered in the estimated 250 lawsuits that are settled shortly after filing, SMF ¶ 21, rather than proceeding to default judgment, are not known.  The demand letters to Chicken King, and this lawsuit, are similar if not identical to the seven-year pattern and practice represented by the actions described above.

Defendant Chicken King operates two fast food restaurants, one in Port Barre and one in Opelousas.  Complaint ¶ 14.  In late 2015, Chicken King hired AT&T to create a website, and supplied it with photographs of its products, taken with its own camera. SMF 7.  But AT&T (or, more precisely, its subcontractors) acquired other photographs; one of them was ChickenFried013, the subject of this action.  Defendant relied on AT&T to comply with copyright law in acquiring images.  Boudreaux Affirmation ¶ 14.  The complaint alleges that this use was unlicensed, ¶ 18, while ignoring the fact that the image was available for licensing from stock sites at that time.  If this motion to dismiss and for summary judgment is denied, defendant's answer will deny that allegation.[1]  However, the allegation of unlicensed use may be taken as true for the purpose of this

---

[1] Defendant does not yet have first-hand evidence of the licensing that would support a motion for summary judgment on that issue.

motion, because it is not material to determination of the issues before the Court.

The website was published on the Internet in early 2016, at http://www.chickenkingla.com, SMF ¶ 18, after that domain name was registered in late 2015.  Levy Aff.  ¶ 20.  As of March 2016, the first time that the Chicken King website appears in the "Wayback Machine" in the "Internet Archive,"[2] Boudreaux Aff. ¶ 6,  ChickenFried013 appeared on two separate pages: the home page, http://www.chickenkingla.com, and the "products" page, http://www.chicken kingla.com/Products. SMF ¶ 18. The URLs for the March 2016 iterations are https://web.archive.org/web/2016030 9104430/http://chickenkingla.com/ and https://web.archive.org/web/20160309104430/http://chicken kingla.com/Products.  Boudreaux Aff. ¶ 6.

_____

[2]  As plaintiff Prepared Food Photos recently explained in a default judgment motion requesting an award of more than $47,000 in damages for an alleged copyright infringement, "The Wayback Machine (http://web.archive.org/) is a digital archive of the World Wide Web founded by the Internet Archive. Courts often take judicial notice of the Wayback machine's captures/screenshots of websites. *See*, *e.g. Martins v. 3PD,* Case No. 11-11313-DPW, 2013 U.S. Dist. LEXIS 45753, at *47-49 n.8 (D. Mass. Mar. 28, 2013) ('I take judicial notice of various historical versions of the 3PD website available on the Internet Archive . . . as facts readily determinable by resorts to a source whose accuracy cannot reasonably be questioned.'); *Pond Guy, Inc. v. Aquascape Design, Inc.*, Case No. 13-13229, 2014 U.S. Dist. LEXIS 85504, at *9 (E.D. Mich. June 24, 2014) (taking judicial notice of the parties' historical presence as represented by the Internet Archive because '[a]s a resource the accuracy of which cannot reasonably be questioned, the Internet Archive has been found to be an acceptable source for taking of judicial notice.')."  Motion for Default Judgment in *Prepared Food Photos, Inc.  v. EatFood Distributors*, Case No. 1:23-cv-08036 -JLR (S.D.N.Y. Jan. 5,. 2024), at 13 n.5 available at https://storage.courtlistener.com/recap/gov. uscourts.nysd.606093/gov.uscourts.nysd.606093.15.0.pdf.  *See also Prepared Food Photos v. Trip Rest.*, 2023 WL 2955298, at *4 (S.D.N.Y. Apr. 14, 2023) (citing Wayback Machine as cited by plaintiff here); *Prepared Food Photos v. Chicago-Mkt.-Distributors*, 2023 WL 3570673, at *6 (D. Colo. Apr. 18, 2023), *report and recommendation adopted*, 2023 WL 3568164 (D. Colo. May 19, 2023) (same).
The Court of Appeals has held that, absent authenticating evidence, the contents of the Wayback Machine are not an apt subject for judicial notice because it is a private record. *Weinhoffer v. Davie Shoring*, 23 F.4th 579, 584 (5th Cir. 2022).  Such evidence is submitted in the Levy Affirmation,  ¶ 2-3, and in any event, because plaintiff has repeatedly relied on the Wayback Machine to support its damages claims, it should be judicially estopped from objecting to judicial notice here. *Love v. Tyson Foods*, 677 F.3d 258, 261 (5th Cir. 2012).

For several years, plaintiff has maintained a log on which it records each time its staff finds a "hit" during their reverse image searches.  Levy Aff. ¶¶ 11, 12.  On June 10, 2019, the log reflects two hits identifying ChickenFried013 as having been seen on both web pages.  SMF ¶ 25.  Plaintiff, still operating under its original AdLife name, then sent a demand letter signed by its president and owner to defendant, accusing defendant of copyright infringement and demanding a payment of $16,000.  SMF ¶ 26.   The letter was undated but included attachments dated June 10, 2019 that included ChickenFried013 and the URL's of the pages where the image had been found.  If that amount were not paid, plaintiff warned, it would sue Chicken King for up to $150,000 in damages as well as costs and attorney fees.  SMF ¶ 26.  On receipt of the letter, defendant promptly removed the photo from the home page of its website, but later concluded that the demand looked like a scam.  Boudreaux Affidavit ¶ 8.  Sometime later, likely in early 2020, plaintiff sent defendant a second letter, demanding a payment of $8000 and again threatening to sue for $150,000 in damages as well as costs and attorney fees. SMF ¶ 26.  The reverse image search log suggests that a third demand letter was sent later in 2020.  Levy Aff. Exh. D, page 1.

On March 8, 2021, the reverse image search log reflects that plaintiff's staff again spotted ChickenFried013 on the only page of the Chicken King website where it remained posted, http://www.chicken kingla.com/Products.  SMF ¶  28.  Plaintiff, now using its current name, Prepared Food Photos, sent a fourth demand letter to defendant, this time signed by Rebecca Jones, its Director of Intellectual Property.  The letter demanded a payment of $8,000, again warning that if defendant did not make such a settlement payment, plaintiff would file suit seeking up to $150,000 in damages as well as costs and attorney fees.  SMF ¶ 29.  Still thinking that the letters looked like a scam, defendant took no further action in response to the demand letter.

-5-

On August 11. 2022, the  reverse image search log reflects that plaintiff's staff again spotted ChickenFried013 on the only page of the Chicken King website where it remained posted, http://www.chicken kingla.com/Products.  Levy Aff. ¶ 12.  At some later date, plaintiff sent a demand letter to defendant, and plaintiff's law firm, Copycat Legal, sent a demand letter of its own, likely one demanding payment of $30,000 within twenty-one days or plaintiff would sue for up to $150,000 plus costs and attorney fees.  Levy Aff. ¶ 18. Still believing the demands to be a scam, defendant again did not respond. Boudreaux Aff. ¶¶  12-13.

On March 8, 2024, plaintiff filed this action, alleging copyright infringement.  It alleges that the image was published at some time after the date the copyright was registered, Complaint ¶ 16, and alleges that, accordingly, plaintiff is entitled to seek statutory damages up to $150,000 and attorney fees. *Id.*  ¶¶ 33, 34.  Defendant now moves to dismiss on the face of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative for summary judgment under Rule 56, on the ground that suit has been filed after the three-year statute of limitation expired.

## ARGUMENT

**THE ACTION SHOULD BE DISMISSED AS UNTIMELY**.

The Copyright Act of 1976 provides, in 17 U.S.C. § 507(b), that "[n]o civil action may be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."   In this case, the photograph whose copyright was allegedly infringed appeared on Chicken King's website as early as March 9, 2016, which is nearly eight years before this action was commenced.   See  https://web.archive.org/web/20160309104430/http://chickeningla.com/,  and https://web.archive .org/web/20160309104430/http://chickeningla.com/Products.

The "discovery rule" creates an exception to the statute of limitations that allows a plaintiff

to sue more than three years after the violation if the plaintiff can show that it was only at some later date, within the three-year limitations period, that "the plaintiff kn[ew] or had reason to know of the injury upon which the claim is based." *Martinelli v. Hearst Newspapers* 65 F.4th 231, 236 (5th Cir. 2023), cert. pending, No. 23-474 (*reaffirming Graper v. Mid-Continent Casualty Co.*, 756 F.3d 388 (5th Cir. 2014)).   Although paragraph 21 of the complaint alleges that plaintiff discovered defendant's alleged infringement on August 11, 2022, under both Rule 12(b)(6) and Rule 56, any reliance by plaintiff of the discovery rule should be rejected.   The case should be dismissed as untimely.

> **A.    Summary Judgment Should Be Granted Because Plaintiff in Fact Discovered the Alleged Infringement More Than Three Years Before This Action Was Commenced.**

The undisputed facts, including data from plaintiff's own records, reveal that plaintiff has been aware of the allegedly infringing uses of its photograph since at least June 10, 2019.  Beginning in that year, plaintiff recorded positive "hits" from reverse image searches on a log that it has maintained to keep track of such hits.  SMF ¶ 23.  Relevant pages from that log are attached to the Levy Affirmation as Exhibit D.  The log also reflects that a "2d request" was sent on February 27, 2020, and "3d request" sent on July 10, 2020.  *Id.*  Each of these dates is more than three years before the date when plaintiff filed this action.

Defendant retained the original request and the "second request," copies of which are attached to the Boudreaux Affirmation.  Each letter accused defendant of copyright infringement and attached pages that bear the date June 10, 2019, with images showing the appearance of the photo in question on both Chicken King's home page http://chickeningla.com/, and on the "Products" page of the website.  http://chickeningla.com/Products.

Because plaintiff had actual knowledge of the alleged infringement nearly five years before commencing this action, it cannot take advantage of the discovery rule to avoid the statute of limitations.

> **B.   Summary Judgment Should Be Granted Because Plaintiff, Having Failed to Do Equity, Cannot Invoke the Discovery Rule as an Equitable Exception to the Statute of Limitations.**

In addition, plaintiff cannot invoke the discovery rule in light of its own inequitable conduct. The Supreme Court has described the discovery rule as an "equitable doctrine [that] is read into every federal statute of limitation," *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946), and the Fifth Circuit has repeatedly described tthe discovery rule as an equitable exception to the statute of limitations. *Aspen Tech., Inc. v. M3 Tech.*, 569 Fed. Appx. 259, 264 (5th Cir. 2014); *Archer v. Nissan Motor Acceptance Corp.*, 550 F.3d 506, 508 (5th Cir. 2008). But "he who seeks equity must do equity." *Janvey v. GMAG, L.L.C.*, — F.4th —, 2024 WL 1189945, at *11 (5th Cir. Mar. 20, 2024); *PYCA Industries  v. Harrison Cnty. Waste Water Mgt. Dist.*, 177 F.3d 351, 375 (5th Cir. 1999). In several respects, plaintiff's copyright enforcement campaign, both as directed at Chicken King and more generally to other small businesses, reflects not only a lack of equitable conduct but also deliberately deceptive conduct aimed at extorting unreasonably high damages by preying on unsophisticated small businesses who are unlikely to have ready access to knowledgeable copyright counsel and who could not afford the high cost of defending a copyright claim even if they had ready access to such counsel. Paying a strike settlement is much less expensive than hiring a lawyer to litigate a copyright case.

For example, the demand letters sent to Chicken King warn defendant that, if it does not pay $16,000 or $8,000, plaintiff will sue it for up to $150,000 and seek an award of attorney fees as well.

SMF ¶¶ 25, 26, 28.  That damages amount reflects an implicit threat to sue for statutory damages, 17 U.S.C. § 504(c)(2), and indeed the complaint in this case seeks an award of attorney fees under 17 U.S.C. § 505, Complaint ¶ 34, and is larded with allegations about willfulness that are plainly intended to raise the specter of a high statutory damages award.  Complaint ¶¶ 29-30.  (When no answer is filed, plaintiff then takes the position that such allegations must be taken as true for the purpose of determining the amount of damages in a default judgment.)  But on the undisputed facts of this case, neither statutory damages nor attorney fees are available, because 17 U.S.C. § 412(2) forbids both forms of relief given that defendant's use preceded registration of the copyright by several months.  Considering that plaintiff regularly uses the Wayback Machine to drive **up** the amount of damages it obtains through its default judgment motions, by showing how many months an allegedly infringing image remained on a defendant's website, the Court should infer that plaintiff must have known that it could not seek attorney fees or statutory damages in this case.

Nor, indeed, can plaintiff's claim of entitlement to actual damages at the five-figure level be justified in this case.  Plaintiff consistently claims actual damages of $11,992 per year of infringing use of a single stock photo on the ground that it is only willing to license access to its entire database on photographs at the rate of $999 per month, with a minimum subscription of one year.  But it is black letter law that actual damages in a copyright infringement action cannot be based on the unilateral stance of the copyright owner about what license fee would be appropriate.  "The question is not what the owner would have charged, but rather what is the fair market value . . . [of] the thing taken." *On Davis v. The Gap, Inc.*, 246 F.3d 152, 166 (2d Cir. 2001).  Similarly, the Federal Circuit holds that a "court is not constrained to accept particular practices of the parties on either side, either to allow owners to charge what they would like to have charged if unconstrained by reality, or to

-9-

shield infringers from paying fair market value for what they took." *Gaylord v. United States*, 777 F.3d 1363, 1368 (Fed. Cir. 2015) (cleaned up).  Likewise, the Fourth Circuit limits the actual damages to "what a willing buyer would have been reasonably required to pay to a willing seller for [the] plaintiffs' work." *Dash v. Mayweather*, 731 F.3d 303, 313 (4th Cir. 2013); *accord Jarvis v. K2 Inc.*, 486 F.3d 526, 533-534 (9th Cir. 2007); *Ghirmay v. Tsegia*, 2010 WL 148276, at *1 (E.D. La. Jan. 11, 2010).

By limiting the measure of actual damages to an assessment of how the market would actually value the one item of plaintiff's copyrighted material that was allegedly infringed, the governing law ensures that the defendant is "protected against an unrealistically exaggerated claim." *On Davis*, 246 F.3d at 166.  The license fees willingly paid by users who want access to all of the photos in plaintiff's database represent an "exaggerated claim" in a case like this one, in which only one photo has been used, because what matters is the actual market value of "the thing taken,"*id.*, that is, "a value that approximates a reasonable licensing fee for the photograph at issue in this case." *McGlynn v. Towers Investors.com Inc.*, 2021 WL 1777758, at *5 (S.D.N.Y. May 5, 2021).  *See also Leonard v. Stemtech Intl.* 834 F.3d 376, 390 (3d Cir. 2016) (refusing to require that actual damages be based on the seller's past licensing arrangements instead of "the reasonable licensing fee on which a willing buyer and a willing seller would have agreed for the use taken by the infringer").

In fixing the fair market value of the use taken, courts often look to "what GettyImages.com, a stock photography agency, charges to license a similar image." *Pires v. UOB Holdings (USA) Inc.*, 2022 WL 902464, at *4 (S.D.N.Y. Mar. 28, 2022).[3]  In this case, the iStock website shows that

---

[3] *Accord Juliff v. Headout, Inc.*, 2021 WL 3887764, at *2 (S.D.N.Y. Aug. 31, 2021); *McGlynn*, 2021 WL 1777758, at *5; *Ozuzu v. Function(x), Inc.*, 2020 WL 4926247, at *1 (S.D.N.Y. Aug. 21, 2020); *Cuffaro v. Fashionisto LLC*, 2020 WL 5077449, at *3 - *4 (S.D.N.Y. July 9, 2020);

Getty's iStock subsidiary **currently** makes photos comparable to the allegedly infringed image available for less than fifty dollars, Levy Aff. ¶ 21, and typically made photos available in 2015, when defendant's web designer apparently acquired this image, for twelve dollars.  *Id.*  ¶ 9..

In *Adlife Mktg. & Commun. Co. v. Buckingham Brothers,* 2020 WL 4795287 (N.D.N.Y. Aug. 18, 2020), when ruling on one of plaintiff's default judgment motions, the district court not only rejected plaintiff's argument that "mere reproduction of a stock photo of pork in a grocery ad alongside numerous other images" warranted a five-figure damages award, but indeed held that plaintiff's counsel had proceeded in bad faith in making such an argument. *Id.* at *7.  *See also Bell v. Oakland Community Pools Project*, 2020 WL 13695114, at *3-*4 (N.D. Cal. Oct. 14, 2020).  Yet when plaintiff threatens to seek huge damages awards in its demand letters, or indeed when it moves for default judgments on an ex parte basis, it never calls such contrary authority to the attention of the unrepresented defendants or of the courts whom it knows will not be receiving any adversary presentation before issuing their decisions.  The resulting default judgments are then cited in demand letters and in cases like the one in this case, enhancing their in terrorem impact on small businesses and, presumably, increasing the resulting settlements.  This conduct is the opposite of equity.

So far as the undisputed facts reveal, plaintiff's copyright enforcement campaign is exceptionally lucrative.  Based on the facts reported in one of plaintiff's recent ex parte motions for default judgment, it secured nearly $500,000 in default judgment awards alone in a sixteen-month period between March 2022 and July 2023, SMF ¶ 22, and the PACER dockets reflect more default judgments in the past nine months.  But those awards are just the tip of the iceberg, for two reasons.

---

*Terry v. Masterpiece Advert. Design*, 2018 WL 3104091, at *4 n.5 (S.D.N.Y. June 21, 2018); *Romanowicz v. Alister & Paine*, 2018 WL 4762980, at *4 (S.D.N.Y. Aug. 3, 2018), report and recommendation adopted, 2008 WL 4759768 (S.D.N.Y. Oct. 1, 2018); and.

In 2021 to 2023 alone, according to a brief filed by plaintiff in a different case, the law firm now spearheading plaintiff's copyright enforcement efforts sent roughly 1800 demand letters, SMF ¶ 23, each insisting on a payment of $30,000 within twenty-one days to avoid being sued.  SMF ¶ 24.  The amount recovered without resorting to litigation is unknown.  Moreover, a review of the publicly available PACER dockets reveals that in the past seven years, plaintiff has filed more than 270 copyright infringement lawsuits.[4]  Most of these cases are resolved shortly after being filed, without any answer, in a pattern that suggests that a settlement has been reached.  The amount of damages extracted as "voluntary settlements" in the roughly two hundred fifty cases that did not end in default judgments is unknown.

The figures suggest that copyright enforcement is plaintiff's main business, not copyright licensing as alleged in the Complaint.  The inequitable manner in which plaintiff enforces its copyrights is an additional reason why the Court should hold as a matter of law that plaintiff should be denied the benefit of the discovery rule, and hence grant summary judgment dismissing this action as untimely.

### C. This Action Should Be Dismissed as Untimely Pursuant to Rule 12(b)(6) Because, as a "Seasoned Copyright Litigator," Plaintiff Cannot Take Advantage of a Claim That It Did Not Discover the Alleged Infringement Until 2022.

The final reason why plaintiff should not be allowed to invoke the discovery rule is that it has filed hundreds of copyright lawsuits against defendants identified by using reverse image searches.  A series of district court decisions hold that seasoned copyright litigators who filed merely

---

[4] Defendant derived that number by conducting an Advanced Party Search on the United States PACER Case Locator maintained by the Administrative Office of United States Courts. Copies of the results screens are attached to the Levy Affirmation as Exhibit F.

dozens of copyright infringement actions cannot take advantage of the discovery rule because the nature of their enforcement efforts reveals that, whether or not they **did** discover the infringement less than three years before the date of commencement, they should have found the infringement. In ruling on this motion, the Court can take judicial notice of public records (the PACER dockets reflecting plaintiff's litigation history). *See In re Deepwater Horizon*, 934 F.3d 434, 440–41 (5th Cir. 2019); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

The leading case is *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461, 467 (S.D.N.Y. 2019), where "the  Court conclude[d] that a reasonable copyright holder in Minden Pictures' position—that is, a seasoned litigator that has filed 36 lawsuits to protect its copyrights, beginning as early as July of 2010—should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period." *Minden Pictures v. Buzzfeed* was followed several years later by *Minden Pictures v. Complex Media*, 2023 WL 2648027, at *3 (S.D.N.Y. Mar. 27, 2023), by which time that plaintiff had filed more 100 infringement suits.  In *Minden Pictures v. Complex Media*, the court noted that the plaintiff "uses sophisticated methods to detect infringing images, . . . enlisting technology companies that crawl the internet to identify infringing uses. . . .  Given that Plaintiff's business is designed to protect and enforce the copyrighted works that it licenses, and employs intricate means of doing so, it is not plausible that Plaintiff, in exercising reasonable diligence, would not have discovered the alleged infringing use here until nearly ten years after the infringement occurred."  2023 WL 2648027, at *3.  And in *Lixenberg v. Complex Media*, 2023 WL 144663, at *3 (S.D.N.Y. Jan. 10, 2023), the court followed Minden Pictures in ruling that a plaintiff that had filed only twenty infringement lawsuits could not invoke the discovery rule.  *But see Prepared Food Photos v. Lakess Super Mkt.*, 2023 WL 9375379, at *3

(W.D. Mich. Dec. 15, 2023), *report and recommendation adopted on other grounds sub nom. Prepared Food Photos v. Lakes Super Mkt.*, 2024 WL 246451 (W.D. Mich. Jan. 23, 2024) (declining to follow *Minden*).

The cases is a fortiori from the *Minden Pictures* and *Lixenberg* cases in two respects. First, Prepared Food Photos has filed more than two times as many copyright infringement actions as Minden Pictures had done by 2023, and more than ten times as many suits as Lixenberg had brought. Second, unlike the complaints described in those opinions, the complaint in this case, although it mentions a date when plaintiff allegedly found the defendant's use, does not allege that plaintiff could not reasonably have discovered the infringement earlier. Indeed, strictly speaking, the complaint does not even allege that plaintiff only **first** discovered the claimed infringement until August 2022 (and, as discussed above, that allegation would be false, in that plaintiff began sending demand letters in 2019). Instead, the complaint merely alleges that August 2022 is a date when it found the infringement. Given the failure even to allege the necessary predicate for invoking the discovery rule, this action should be dismissed on its face as untimely. And following the reasoning of *Minden Pictures* and *Lixenberg*, that dismissal should be with prejudice and without leave to amend.

## CONCLUSION

This action should be dismissed under Rule 12(b)(6), or summary judgment should be granted pursuant to Rule 56.

Respectfully submitted,


_____/s Paul Alan Levy_____
Paul Alan Levy (pro hac vice to be sought)

-14-

Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org


_____ /s/   Heather Cross _____
Heather Cross (La. Bar. No. 26249)

The Cross Law Firm
6663 Jefferson Hwy
Baton Rouge, Louisiana 70806
(225) 256-0366
hcross@lawacrossla.com

April 12, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I am filing Defendant's Motion to Dismiss or in the Alternative for Summary Judgment, Memorandum of Law, Statement of Material Facts, Affirmation of Stacy Deville Boudreaux and accompanying exhibits, Affirmation of Paul Alan Levy and accompanying exhibits, and proposed order by ECF, which will cause those documents to be served on counsel for plaintiff John Baay.  There are no parties not on ECF.

/s/   Heather Cross
_____

Heather Cross (La. Bar. No. 26249)

The Cross Law Firm
6663 Jefferson Hwy
Baton Rouge, Louisiana 70806
(225) 256-0366
hcross@lawacrossla.com

April 12, 2024

-16-