UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| PREPARED FOOD PHOTOS, INC., f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 6:24-cv-00351-RRS-DGA |
| CLYDE'S CHICKEN KING, INC. d/b/a CHICKEN KING, | ) ) ) | |
| Defendant. | ) ) | |

**AFFIRMATION OF PAUL ALAN LEVY**

1. My name is Paul Alan Levy.  I am lead counsel for defendant.

2.  Since about 2000, my legal practice has focused on online free speech issues.  In the course of that work, I have often had occasion to use the Internet Archive's "Wayback Machine" to conduct research about the way websites looked in the past.  Although the Archive does not guarantee accuracy, many practitioners routinely use this resource to find out what has appeared online in the past, and it is often cited by courts.

3.  Indeed, filings by plaintiff in other cases have invoked the Wayback Machine to show its claimed entitlement to large amounts of actual damages, by showing how early the infringing use began, and thus for how many months the alleged infringement continued..  One such example is its Motion for Default Judgment in *Prepared Food Photos v. EatFood Distributors*, Case No. 1:23-cv-08036-JLR (S.D.N.Y Jan. 5, 2024), available at https://storage.courtlistener.com/recap/gov.uscourts.nysd.606093/gov.uscourts.nysd.606093.15.0.pdf, where plaintiff cited the Wayback Machine and contended that it is an appropriate subject for judicial notice.  Note that both in this affidavit and in

the memorandum of law, I am putting spaces in URLs to avoid ugly spacing problems. Thus, when using a cursor to copy the link into a browser, it is necessary to look for extra spaces.

4. Over the past five years, part of my practice has been devoted to helping individuals, nonprofits, and small companies respond to demands for the payment of large amounts of damages for the online postings of photographs that allegedly infringe the copyrights of the photographers and those who hire the photographers. In the course of that work, I have had occasion to deal several times with law firms representing the plaintiff, first under its name AdLife Marketing & Communications, and more recently under its current name. I have also written several online articles about the company and its counsel. In the course of that work I have become familiar with how the company and its lawyers operate.

5. In *Krueger v. Adlife Mktg. and Commun. Co., Inc.*, 2020 WL 9348244 (C.D. Cal. Dec. 10, 2020), I represented a scientist who sought a declaratory judgment that he was not liable for infringement when a user of his blogging platform posted a deeplink in 2013 to an image taken by AdLife. AdLife successfully resisted our filing in California (where the law on deeplinking was especially favorable to our client) but did not follow up by suing our client in North Carolina. I am currently representing a company that plaintiff sued for copyright infringement in connection with a photo that the company posted to its website in 2010. *Prepared Food Photos v. Pool World*, No. 2:23-cv-00160-TOR (E.D. Wash.). On several occasions, I have responded to demand letters from the law firm CopyCat Legal on behalf of Prepared Foods Photos. Each time I addressed plaintiff's counsel about a demand letter, plaintiff did not pursue litigation. Other lawyers responding on behalf of demand letter targets have reported similar experiences. It appears that plaintiff only sues when it thinks it will not face a defense.

6.    During discovery in the *Pool World* case, plaintiff acknowledged in answer to interrogatories that until 2016 it made its photos available licensing through iStock, a subsidiary of Getty Images. and that it did not have any records showing the names of licensees.  A copy of those interrogatory answers is attached as Exhibit A.

7.    Both currently and in the past, iStock sold "royalty-free" licenses, under which the buyer of a license could use the photos on an unlimited number of projects, for an unlimited amount of time, and could buy licenses on behalf of clients whose names were not disclosed to iStock but who could use the photos on those same terms: multiple projects and for unlimited time.  Those terms are shown currently on the iStock website, and on the website as it appeared in 2015, at https://www.istockphoto.com/legal/license-agreement and https://web.archive.org/web/2015082323 1118/https://www.istockphoto.com/legal/license-agreement.

8.    In my experience, Getty Images will respond voluntarily to requests from its customers for confirmation that they bought a license.  However, when someone has hired a third party to design its website, Getty will not respond to the user; the request must come from Getty's actual customer.  Such information can only be obtained from Getty by serving a subpoena, and even then Getty will object to providing information about its customers.

9.    Discovery from Getty Images in the *Pool World* case revealed that licenses for the photograph at issue in that case were sold for prices ranging from 95 cents to about $15, depending on the number of "credits" used in the purchase.  Getty Images also confirmed in discovery that the pricing information available in the Wayback Machine was an accurate depiction of its pricing at the time.  Checking the Wayback Machine for pricing in November 2015 reveals that the cost of one credit, enough to buy a license to use one stock photo, was $12.  A copy of those pages is attached

as Exhibit B.

10. Plaintiff's discovery answers in the *Pool World* case (Exhibit A above) further admitted that over the past several years, it has assigned many different employees to conduct reverse image searches looking for potential infringements so that it could seek damages for infringement, and has relied on third parties to conduct searches as well.

11. In a separate set of interrogatory answers in the *Pool World* case, plaintiff said that it has maintained a daily log in which every positive "hit" from reverse image searches by its own staff is recorded. A copy of those answers is attached as Exhibit C. So far as I know, successful searches by third parties are not recorded there.

12. In response to a meet-and-confer about a possible motion to compel, plaintiff produced the spreadsheet in which the log is maintained. Entries on that spreadsheet reveal that in what appear to have been two separate searches on June 10, 2019, plaintiff's staff located an image called ChickenFried013 on Chicken King's website; that on March 8, 2021, it again located an image called ChickenFried013 on Chicken King's website; and that on August 11, 2022, it once more located an image called ChickenFried013 on Chicken King's website. Copies of the three pages from the spreadsheet are attached as Exhibit D. Because there are more than 20,000 lines in the spreadsheet, I am not putting the entire spreadsheet in the record.

13. A blog post on the website of BadAdz, a company whose owner, Joel Albrizio, also owns plaintiff, explained that in 2016, plaintiff pulled its photos off the stock photo service so that it could begin enforcing copyright infringement claims. After I contacted plaintiff's counsel to ask questions about this blog post, it was removed from the Internet. A copy of the post is attached as Exhibit E.

-4-

14.  I conducted a search of the Copyright Registry maintained online by the United States Copyright Office.  It reveals that in the years 2016 and 2017, plaintiff registered its copyright in thousands of photographs allegedly taken by its staff in the years from 1994 to 2017, the vast majority taken in the 1990s.  No registrations of photographs taken after July 2017 appear on the Copyright Registry.

15.  In the course of the *Pool World* litigation, I conducted a search last fall of PACER using the Advanced Party Search capability.  I was able to identify nearly 260 copyright infringement lawsuits filed by plaintiff.  All of them appeared to have been filed against business entities.  I updated that search on April 6, 2024, reaching a total of more than 270.  A copy of the search results is attached as Exhibit F.

16.  I checked many but not all of the dockets in the cases shown in Exhibit F.  Almost all of the lawsuits I checked appear to have ended either in a dismissal entered without any lawyer having entered an appearance for defendant, or shortly after such an appearance (with the implication of a settlement), or in a default judgment.  The suits also generally appear to have been filed only against artificial entities that cannot appear in court pro se.  The motion for default judgment cited in paragraph 3 above recites a list of default judgments with the amounts of damages awarded in the five-figures between March 2022 and July 2023.  The PACER dockets reveal that plaintiff has been awarded more default judgments in five-figure amounts since the last default judgment mentioned in that motion.

17.  In a brief filed in the Pool World case by the law firm CopyCat Legal, plaintiff stated that, from the time when it began representing plaintiff (2021) to the time of the brief, that firm had sent about 1800 such demand letters.  A copy of that brief is attached as Exhibit G.

-5-

18. I have become familiar with the demand letters issued by the law firm, CopyCat Legal. Although the standard letter has changed somewhat over time, the letters attached as Exhibit H are versions that I have seen most recently. One aspect that has been in every letter I have seen is the following language, included in bold print and separated from the rest of the text like a blocked quotation:

> **You shall pay Thirty Thousand Dollars ($30,000.00) within twenty-one (21) days of the date first written above and shall immediately cease and desist from any further use of our client's work(s).**

Another constant in the letters is the insistence that the demand be sent to the target's insurance carrier; plaintiff's evident expectation is that if the business has insurance, the insurance company will find it cheaper to pay a strike settlement than to litigate a copyright case. Many of the businesses that are targeted by these letters, however, are so small that they do not have insurance with advertising coverage.

19. Both the demand letters that it sends to its targets, and the default judgment motions that plaintiff has filed, plaintiff consistently points to its alleged practice of selling licenses for use of its photographs only at the monthly rate of $999 per month, with a minimum subscription period of one year. In none of its demand letters or default judgment motions does plaintiff ever mention that controlling precedent in many circuits (including the circuits in which the cases are pending) provides that actual damages depend "not [on] what the owner would have charged, but rather what is the fair market value . . . [of] the thing taken." *On Davis v. The Gap, Inc.*, 246 F.3d 152, 166 (2d Cir. 2001);

20. According to the WHOIS database, the domain name chickenkingla.com was first registered on November 15, 2015. A copy of the WHOIS record is attached as Exhibit I.

-6-

21.  Many photographs comparable to the image at issue in this case can be found available for licensing on the website of Getty Images' iStock Photos subsidiary, using the search term "fried chicken in red plaid tray."  *See* https://www.istockphoto.com/search/2/image-film?phrase=fried%20chicken%20in%20red%20plaid%20tray.   By clicking on the individual photos, I was able to ascertain that some of the photos can be licensed for 1 credit, at the price of $12, or 3 credits, at the price of $33; the cost is lower, at $2.90 or $7, if a subscriber buys a monthly subscription for as little as $29 per month.

Pursuant to 28 U.S.C.§ 1746, I hereby certify that the foregoing is true and correct. Executed on April 11, 2024.


_____/s/ Paul Alan Levy_____
Paul Alan Levy

-7-

Levy Affirmation
Exhibit A

1   Lauren Hausman (*pro hac vice*)
2   CopyCat Legal PLLC
3   3111 N. University Drive
4   Suite 301
5   Coral Springs, FL 33065
6   877-437-6228
7   lauren@copycatlegal.com
8
9
10  Max K. Archer, WSBA # 54081
11  Riverside Law Group, PLLC
12  905 W. Riverside Ave.
13  Suite 404
14  Spokane, WA 99201
15  509-504-8714
16  Mka@riverside-law.com

17                 UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF WASHINGTON

18  PREPARED FOOD PHOTOS, INC.,          )
    f/k/a ADLIFE MARKETING
19  & COMMUNICATIONS CO., INC.,          )
    a Florida for profit corporation,    )        No. 2:23-cv-00160-TOR
20                                        )
              Plaintiff,                  )        **PLAINTIFF'S RESPONSES TO**
                                          )        **DEFENDANT'S FIRST SET**
21                                        )        **OF INTERROGATORIES**
              v.                          )        **TO PLAINTIFF**
22                                        )
    POOL WORLD, INC., a Washington for    )
23  Profit corporation,                   )
                                          )
24            Defendant.                  )

---

Pursuant to Federal Rule of Civil Procedure 33(b), Defendant Pool World, Inc., requests that Plaintiff Prepared Food Photos, Inc., answer the following Interrogatories in writing, under oath, within thirty days of service thereof.

**Definitions**

As used in these interrogatories:

1. The term "and/or" shall be construed both disjunctively and conjunctively.

2. The term "bot" shall be construed to mean any computerized image matching system or content recognition software or any other system or program used to scan the internet for matches.

3. The term "communication" shall be construed to mean any disclosure, transfer, or exchange of information or opinion, however made.

4. The term "Complaint" shall be construed to mean the initial pleading and any subsequent amendment(s) in the matter of *Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. v. Pool World, Inc.*, Case No. 2:23-cv-00160 in the United States District Court for the Eastern District of Washington.

5. The term "Defendant" refers to Pool World. Inc., and includes any agents, servants, or other persons acting or purporting to act on Defendant's behalf.

6. The term "document" shall be construed to mean any written, recorded, or graphic material of any kind, including, but not limited to, electronically stored information, whether prepared by you or by any other person, that is in your possession, custody, or control. The term "document" includes, but is not limited to, agreements, contracts, letters, telegrams, inter-office communications, memoranda, reports, records, instructions, specifications, notes, notebooks, scrapbooks, diaries, plans, drawings, sketches, images, photographs, writings, sworn statements, deposition transcripts, affidavits, blueprints, invoices, purchase orders, bills of lading, recordings, published or unpublished speeches or articles, publications, transcripts of telephone conversations, phone mail, electronic mail, ledgers, financial statements, tax returns, microfilm, microfiche, tape or disc recordings, screenshots, computer print-outs and recordings of meetings, conferences, telephone or other conversations or communications. The term "document" also includes all "electronically stored information."

7. The phrase "any and all documents" means every document or group of documents or electronically stored information that is known to you or that can be located or discovered by reasonably diligent efforts.

21   8. The term "electronically stored information" or "ESI" refers to all computer or
22   electronically stored or generated data and information and shall include all attachments to
23   and enclosures with any requested item, and all drafts thereof.   Electronically stored
24   information includes, but is not limited to, all information stored in any format and on any
25   storage media including, but not limited to, hard drives, floppy disks, flash drives, USB
26   drives, compact discs, digital video discs, digital versatile discs, or cloud-based storage.
27   The format of electronically stored information includes, but is not limited to, word

processing documents, electronic spreadsheets, electronic presentation documents, email messages, image files, text files, videos, text messages, voicemails, messages sent via messaging services/ applications (such as WeChat, WhatsApp, Messenger, Facebook Messenger, etc.), sound files, and material or information stored in databases or accessible from databases, of any description.   Electronically stored information also includes all associated metadata that is routinely maintained or saved with the document, including document title or name, file name, date and time of creation, date and time of last edit, identity of author, identity of owner, identities of editors, identities of recipients, changes, history of changes, e-mail header information, history of who viewed an email and when, and email routing  information.

9. The term "identify" means:

a. When referring to a natural person, to give, to the extent known, the person's name, job title, present or last known address, and when referring to a natural Person, the  present or last known place of employment.

b. When referring to a person other than a natural person, to give, to the extent known, the person's name, the address of its principal place of business, its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that other person's principal place of business, that other person's telephone number, and the name of that other person's chief executive officer.

c.  When referring to a document, to give, to the extent known, the date the document was prepared, the author(s) of the document, the persons to whom the document was sent, and the name of the document.  To the extent that a document reveals on its face the identification requested by an interrogatory, it is sufficient to produce the document.

d.  When referring to a claim of infringement, give, to the extent known, the person to whom or to which the claim was sent, the amount of money initially demanded, the amount of money awarded or agreed to on that claim, and the amount

of money actually collected on the claim.

e. When referring to a license, state the name of the licensee, the title of the work or works that were licensed, the duration of the license, and the amount charged for the license.

f. When referring to any other information, to give a full, complete, forthright, and correct account of whatever is the subject of the inquiry.

10. The term "including" means including, but not limited to.

11. The term "information" shall be construed to mean information of any kind in any form whatsoever.

12. The term "person" includes a natural person, individual, firm, association, organization, partnership, business, trust, limited liability company, proprietorship, joint venture, corporation, public entity, governmental body, group of natural persons or other entities, or any other business enterprise.

13. The term "Plaintiff" refers to Prepared Food Photos, Inc. formerly known as Adlife Marketing & Communications Co. and includes any agents, servants, or other persons acting or purporting to act on Plaintiff's behalf.

14. The term "relating to" shall be construed to mean containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, touching on, bearing on, referring, alluding, or pertaining to, in whole or in part.

15. The term "Work" refers to the photograph referenced in paragraph 11 of the Complaint.

16. The terms "you," "yours," or "anyone acting on your behalf" includes Plaintiff, its staff, agents, employees, and/or representatives, Plaintiff's insurance company and its staff, agents, representatives, and/or employees, Plaintiff's attorneys and their staff, agents, representatives, and/or employees, Plaintiff's investigators, and anyone else acting on Plaintiff's behalf. Nothing in this definition shall be construed to require you to produce privileged material.

**Instructions**

1. Answers to interrogatories must be furnished within thirty (30) days of the service of the  interrogatories, unless otherwise ordered by the Court.

2. An answer or other appropriate response must be given to each interrogatory. An evasive or incomplete answer will be deemed a failure to answer under Rule 37 of the Federal Rules of Civil Procedure.

3. Each answer must be as complete and straightforward as permitted by the information   reasonably available to you, including the information possessed by your representative, agent, and/or attorneys (unless privileged).  If an interrogatory cannot be answered  completely, answer it to the extent possible.

4. These interrogatories are continuing in nature. Pursuant to Federal Rule of Civil Procedure 26(e), you must supplement or correct its responses in a timely manner if you learn that in some material respect the responses are incomplete or incorrect.

5. Where knowledge, information, or documents are requested, such request encompasses knowledge, information, or documents in your possession, custody, or control, or in the  possession, custody, or control of your staff, agents, employees, representatives, and, unless privileged, attorneys, or any other person who has possession, custody, or control of your knowledge, information, or documents.

6. Whenever an interrogatory may be answered by referring to a business record, pursuant to Federal Rule of Civil Procedure 33(d), the document must be attached as an exhibit or referred to specifically by Bates-number range when produced during the course of  discovery.

7. For any record or document responsive or relating to these interrogatories which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, address, date, number of pages, and subject matter, and explain in detail the events leading to the destruction or loss or the reason for the unavailability of such document or record.

8. Unless otherwise specified, these interrogatories are limited to the time period of

January 1, 2009 up to and including the date of service of these interrogatories.

9. Your answers to interrogatories must be verified, dated, and signed under oath.

## GENERAL OBJECTIONS

1. Plaintiff Objects to the definition of "Plaintiff" to the extent it purports to include any person or entity other than  Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc.

## INTERROGATORIES

1. Please identify all of the individuals who were involved in the preparation of these answers to interrogatories, including their full name, job title, employer, address, and telephone number.

ANSWER: Rebecca Jones, Secretary (officer), Prepared Food Photos, Inc. c/o CopyCat Legal PLLC; Lauren Hausman (attorney), CopyCat Legal PLLC, 3111 N. University Drive, Suite 301, Coral Springs, FL 33065, 877-437-6228. Max Archer (attorney), Riverside Law Group, PLLC, 905 W. Riverside Avenue, Suite 404, Spokane, WA 99201, 509-504-9714.

2. Please identify all individuals employed by Adlife Marketing & Communications Co., Inc. in 2009 or 2010.

ANSWER: According to the law of the State of MA/RI payroll records must be kept for three years. Plaintiff is no longer in possession, custody or control of payroll records dating back to 2009 or 2010. Accordingly, Plaintiff is unable to provide a response to this interrogatory.

3. Please identify all individuals who served as a member, shareholder, director, and/or manager of Adlife Marketing  & Communications Co., Inc. in 2009 or 2010.

ANSWER: In 2009 and 2010 the shareholders and active members were Joel Albrizio, John Puccio, and Celestino DiGiovanni. Plaintiff cannot recall who served as a director during this time period, as it has no available records of individuals who served as directors at the time period relevant to this interrogatory. Plaintiff likewise cannot provide a response to who served as a manager in 2009 and 2010, as the time has passed since those records were required to be retained.

4. Please describe the ownership structure of Plaintiff from January 1, 2010 through the date  your answers to these interrogatories are served, including but not limited to any sale of the assets and/or stock of Plaintiff and/or any change of ownership of Plaintiff.

ANSWER: From January 1, 2010, until 2011, Joel Albrizio, John Puccio and Celestino DiGiovanni served as shareholders. As of 2011, Joel Albrizio has been the sole shareholder of Plaintiff.

5. Please identify all websites and/or social media pages owned and/or controlled by

19 | Plaintiff or its predecessors from April 21, 1988 through the date your Interrogatory answers
20 | are served, including any websites and/or social media pages Plaintiff has disabled,
21 | discontinued, and/or removed from public view.

22 | ANSWER: Plaintiff actively owns/controls the following website: https://www.preparedfoodphotos.com/. Plaintiff owns/controls the following social media pages: https://www.pinterest.com/preparedfoodphotos/, https://www.linkedin.com/company/preparedfoodphotos/, https://www.instagram.com/preparedfoodphotos/, and https://www.facebook.com/PreparedFoodPhotos/. Plaintiff previously operated the following website: https://www.adlife.com/. Plaintiff previously operated the following social media pages: https://www.facebook.com/AdlifeMarketingCo/, https://twitter.com/AdlifeMarketing, and https://www.instagram.com/adlife.marketing/.

23 | 6. Please identify all photograph titles that Plaintiff has offered at any point in time
24 | as a free download.

25 | ANSWER: Plaintiff has never offered images as a free download.

26 | 7. Please identify all persons through whom Plaintiff has ever arranged to sell or
27 | provide licenses for the use of individual photographs, and specify during what years those
28 | arrangements were in effect.

1 | ANSWER: From January 1, 2009 to December 31, 2016, Plaintiff maintained a contractual relationship with Getty Images/iStock that allowed Getty/iStock to sell individual photographs of Plaintiff's.

2 | 8. Please describe in detail the arrangements that Plaintiff had with the persons
3 | identified in response to Interrogatory 7, including the arrangements for Plaintiff to learn
4 | the details of the individual licenses, and particularly to get the names of the licensees and
5 | the amount charged for each license.

6 | ANSWER: Plaintiff objects to this interrogatory on the basis that it is not relevant to the claims or defenses that are at issue in the lawsuit. The arrangement between Getty and Plaintiff have nothing to do with whether Defendant was authorized to use the photo or relevant to Defendant's Statute of Limitation/other defenses

7 | 9. Please state what price you, or any person acting on your behalf, requested or
8 | charged for licenses for the use of the Work at any time before 2016.

9 | ANSWER: From January 1, 2009 through the 2016 termination of the relationship with Getty, Plaintiff offered its work through Getty Images. Accordingly, the image in question would only be offered through Getty's licensing/pricing structure. Plaintiff objects to this interrogatory to the extent that "at any time" dates back further than 2009. Getty set its prices pursuant to its own structure. Therefore, Plaintiff does not know what Getty charged for licenses.

10 | 10. Please describe when and how you became aware of Defendant's 2010 use of the

11    Work as described in paragraph 16 of the Complaint.

12    ANSWER: Plaintiff employs a full-time paralegal and researchers who, on a rotating basis, search the entirety of Plaintiff's image library via google reverse image search to identify and investigate unauthorized uses of Plaintiff's photographs. The infringement at issue in this lawsuit was found via that process by one of Plaintiff's researchers. The same image has been searched multiple times by Plaintiff over the years, and the first time it appeared in a reverse image search by Plaintiff's researchers was June 1, 2022.

13    11.  Please identify any and all licenses that you, or any middleman acting with your

14    authority, have granted for Plaintiff's "Work" described in paragraph 11 of the Complaint,

15    or for subscriptions for the use of any group of photos that included the Work.

16    ANSWER: Plaintiff is unable to identify any licensees of the Work through Getty/iStock as Getty/iStock is solely in control of that information and does not share it with plaintiff. Plaintiff objects to this request to the extent it requires Plaintiff to identify each and every one of its subscribers to its library of photographs from 2009 through the present date. Notwithstanding, Plaintiff directs Defendant to see the documents being produced in response to Request for Production Nos. 4 and 5.

17    12.  Please identify any and all claims that you have made for infringement of the

18    copyright in the Work, or in any group of photos that included the Work.

19    ANSWER: Plaintiff objects to this interrogatory as it is not relevant to the claims or defenses at issue in the lawsuit. Plaintiff further objects to this interrogatory as overly broad, in that it would require Plaintiff to identify every pre-suit and filed lawsuit demand that Plaintiff has ever made with respect to each and every one of its 30,000+ photographs.

20    13.  Please state, for each calendar year since 2010, how much revenue Plaintiff

21    derived from the sale of licenses or subscriptions  for the use of photographs in which it

22    owned the copyright,

23    ANSWER: Plaintiff began offering the photograph at issue through its subscription model in 2017. Before 2017, there was no revenue derived from the sale of licenses or subscriptions. Revenue was derived from the commissions paid to Adlife from Getty/iStock from 2010 through 2017. For the commissions Plaintiff received, Plaintiff directs Defendant to its response to Interrogatory No. 21 in Defendant's Second Set of Interrogatory Requests. From 2017 to August 31, 2023, Plaintiff has received $755,644 in Subscription revenue. (2017 – $67,898, 2018 – $78,728, 2019 – $192,870, 2020 – $180,345, 2021 – $71,162, 2022 – $94,157, and 2023 – $70,484).

24    14.  Please state, for each calendar year since 2010, how much revenue Plaintiff

25    derived from claims of infringement that it asserted and/or from filing infringement lawsuits.

26    ANSWER:  Plaintiff objects to this interrogatory as it is not relevant to claims or defenses at issue in this lawsuit.

27    15. Please identify all documents relating in any way to your decision to stop selling

28    licenses for use of individual photographs and to license only the use of your    entire

database of photographs.

ANSWER: Plaintiff is not aware of any documents responsive to this request.

16. Please identify any and all persons who, from 2015 through the current date, at your request or direction scanned the internet for potential infringement of Plaintiff's photographs.

ANSWER: The following employees have performed Plaintiffs internet searches: Joi Ransom, Anthony Albrizio, Jordan Albrizio, Rebecca Jones, Jennifer Albrizio, Brieana Hanzel, David Higgins, and Jeremy Howard. Higbee, ImageRights, Pixsy, and PicRights were doing image searches. However, Plaintiff does not have any bot reports or internet scans per se. Plaintiff said that there were portals with these companies.

17. Please identify all bot reports or internet scans that you or anyone acting on your behalf sought or conducted for any of your photographs from January 1, 2016 to the present.

ANSWER: Plaintiff does not have any bot reports or internet scans that it has maintained from January 1, 2016 through present.


Dated: November 22, 2023

/s/ Lauren Hausman
Lauren Hausman (*pro hac vice*)
CopyCat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, Florida 33065
(877) 437-6228
lauren@copycatlegal.com

  /s/ Max Archer
Max Archer
Riverside Law Group
WSBA #54081
905 W. Riverside Ave., Suite 404
Spokane, WA 99201
(509) 504-8714
mka@riverside-law.com

27

28

## CERTIFICATE OF SERVICE

I hereby certify that, on November 22, 2023, I re-served the foregoing document via e-mail to: Paul Levy, Esq. (plevy@citizen.org) and Stephen Kirby, Esq. (kirby@kirbylawoffice.com).

_____ /s/ Lauren Hausman _____

### VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 11/22/2023

*Rebecca M. Jones*
ID a58DW81xoEyV5VSTNHQqexH5

Rebecca Jones

# eSignature Details

| | |
|---|---|
| **Signer ID:** | **a58DW81xoEyV5VSTNHQqexH5** |
| Signed by: | Rebecca Jones |
| Sent to email: | rebecca@preparedfoodphotos.com |
| IP Address: | 70.169.183.74 |
| Signed at: | Nov 22 2023, 4:39 pm EST |

Levy Affirmation
Exhibit B



INTERNET ARCHIVE
WayBackMachine

https://www.iistockphoto.com/plans-and-pricing

12,974 captures
13 Sep 2014 - 4 Apr 2024

Go! | OCT NOV DEC
2014 2015 2016
20

Photos   Illustrations   Video   Audio

iStock.
by Getty Images

Pricing     Sign in     Join

Incredible stock. Flexible pricing.

**New! Get 10 images a month for as low as $60 with our most affordable subscriptions ever.**

| | 1 Essentials image |
|---|---|
| 1 CREDIT | $33 USD |
| 3 CREDITS | $60 USD |
| 6 CREDITS | $115 USD |
| 12 CREDITS | $170 USD |
| 18 CREDITS | $220 USD |
| 24 CREDITS | $325 USD |
| 36 CREDITS | $520 USD |
| 60 CREDITS | |

DURATION

| | 1 month | 1 year | | IMAGES A MONTH | |
|---|---|---|---|---|---|
| | | | 10 | 25 | 250 |

Need a team or custom subscription? Call 1 866 478 6251

Not sure which option is right for you? Learn more about subscriptions

# Frequently asked questions

What are credits?

Think of credits as iStock's very own currency. Credits let you download any file on iStock – including photos, illustrations, video and audio files. Simply load your account with credits to download files as you go.

How long are credits good for?

Can I get a refund on unused credits?

What's the difference between the Essentials and Signature Subscription?

Can I get audio or video files with a subscription?

How can I download something that isn't included in my subscription?

What happens if I don't use all of my monthly downloads?

What license am I getting with my download?

Can I add an extended licenses to an image downloaded with my subscription?

How does auto-renew work?

# Frequently asked questions

What are credits?

Think of credits as iStock's very own currency. Credits let you download any file on iStock – including photos, illustrations, video and audio files. Simply load your account with credits to download files as you go.

How long are credits good for?

Can I get a refund on unused credits?

What's the difference between the Essentials and Signature Subscription?

Can I get audio or video files with a subscription?

How can I download something that isn't included in my subscription?

What happens if I don't use all of my monthly downloads?

What license am I getting with my download?

Can I add an extended licenses to an image downloaded with my subscription?

How does auto-renew work?

# Frequently asked questions

## What are credits?

Think of credits as iStock's very own currency. Credits let you download any file on iStock – including photos, illustrations, video and audio files. Simply load your account with credits to download files as you go.

## How long are credits good for?

## Can I get a refund on unused credits?

## What's the difference between the Essentials and Signature Subscription?

## Can I get audio or video files with a subscription?

## How can I download something that isn't included in my subscription?

## What happens if I don't use all of my monthly downloads?

## What license am I getting with my download?

## Can I add an extended licenses to an image downloaded with my subscription?

## How does auto-renew work?

The Wayback Machine - https://web.archive.org/web/20151120063414/http://www.istockphoto.com/plans-and-pricing

# Incredible stock. Flexible pricing.

## New! Get 10 images a month for as low as $40 with our most affordable subscriptions ever.

|  | DURATION | | IMAGES A MONTH | | |
|---|---|---|---|---|---|
|  | 1 month | 1 year | 10 | 25 | 250 |

Need a team or custom subscription? Call 1 866 478 6251

Not sure which option is right for you? Learn more about subscriptions.

1 CREDIT

3 CREDITS

6 CREDITS

12 CREDITS

18 CREDITS

24 CREDITS

36 CREDITS

60 CREDITS

Need larger credit packs? Call 1 866 478 6251.
150 CREDITS

**300** CREDITS

Check out our FAQs

Call **1 866 478 6251**

All images are Standard License. Extended licenses are not available for subscription downloads. Credits never expire when you use your iStock account once a year. Using your account is as easy as signing in. Credit savings are based on 1 credit pack. All subscriptions feature generous monthly download limits. Audio and video downloads are not included in any subscription.

Levy Affirmation
Exhibit C

1  Lauren Hausman (*pro hac vice*)
2  CopyCat Legal PLLC
3  3111 N. University Drive
4  Suite 301
5  Coral Springs, FL 33065
6  877-437-6228
7  lauren@copycatlegal.com
8
9  Max K. Archer, WSBA # 54081
10 Riverside Law Group, PLLC
11 905 W. Riverside Ave.
12 Suite 404
13 Spokane, WA 99201
14 509-504-8714
15 Mka@riverside-law.com
16
            UNITED STATES DISTRICT COURT
17     FOR THE EASTERN DISTRICT OF WASHINGTON

18 PREPARED FOOD PHOTOS, INC.,  )
    f/k/a  ADLIFE MARKETING    )
19 & COMMUNICATIONS CO., INC.,  )
    a  Florida for profit corporation,  )    No. 2:23-cv-00160-TOR
20                   )
           Plaintiff,      )   **PLAINTIFF'S RESPONSES TO**
                    **DEFENDANT'S SECOND SET**
21                )   **OF INTERROGATORIES**
         v.        )   **TO PLAINTIFF**
22                )
    POOL WORLD, INC., a Washington for  )
23     Profit corporation,

    )

24              Defendant.

      )



Pursuant to Federal Rule of Civil Procedure 33(b), Defendant Pool World, Inc., requests that Plaintiff Prepared Food Photos, Inc., answer the following Interrogatories in writing, under oath, within thirty days of service thereof.

**Definitions**

As used in these interrogatories:

1. The term "and/or" shall be construed both disjunctively and conjunctively.

2. The term "bot" shall be construed to mean any computerized image matching system or content recognition software or any other system or program used to scan the internet for matches.

3. The term "communication" shall be construed to mean any disclosure, transfer, or exchange of information or opinion, however made.

4. The term "Complaint" shall be construed to mean the initial pleading and any subsequent amendment(s) in the matter of *Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. v. Pool World, Inc.*, Case No. 2:23-cv-00160 in the United States District Court for the Eastern District of Washington.

5. The term "Defendant" refers to Pool World. Inc., and includes any agents, servants, or other persons acting or purporting to act on Defendant's behalf.

6. The term "document" shall be construed to mean any written, recorded, or graphic material of any kind, including, but not limited to, electronically stored information, whether prepared by you or by any other person, that is in your possession, custody, or control. The term "document" includes, but is not limited to, agreements, contracts, letters, telegrams, inter-office communications, memoranda, reports, records,  instructions, specifications, notes, notebooks, scrapbooks, diaries, plans, drawings, sketches, images, photographs, writings, sworn statements, deposition transcripts, affidavits, blueprints, invoices, purchase orders, bills of lading, recordings, published or  unpublished speeches or articles, publications, transcripts of telephone conversations, phone mail, electronic mail, ledgers, financial statements, tax returns, microfilm,  microfiche, tape or disc recordings, screenshots, computer print-outs and recordings of meetings, conferences, telephone or other conversations or  communications.  The term "document" also includes all "electronically stored information."

7. The phrase "any and all documents" means every document or group of documents or  electronically stored information that is known to  you or that can be located or discovered by reasonably diligent efforts.

21      8. The term "electronically stored information" or "ESI" refers to all computer or
22  electronically stored or generated data and information and shall include all attachments to
23  and enclosures with any requested item, and all drafts thereof.    Electronically stored
24  information includes, but is not limited to, all information stored in any format and on any
25  storage media including, but not limited to, hard drives, floppy disks, flash drives, USB
26  drives, compact discs, digital video discs, digital versatile discs, or cloud-based storage.
27  The format of electronically stored information includes, but is not limited to, word

processing documents, electronic spreadsheets, electronic presentation documents, email messages, image files, text files, videos, text messages, voicemails, messages sent via messaging services/ applications (such as WeChat, WhatsApp, Messenger, Facebook Messenger, etc.), sound files, and material or information stored in databases or accessible from databases, of any description.   Electronically stored information also includes all associated metadata that is routinely maintained or saved with the document, including document title or name, file name, date and time of creation, date and time of last edit, identity of author, identity of owner, identities of editors, identities of recipients, changes, history of changes, e-mail header information, history of who viewed an email and when, and email routing information.

9. The term "identify" means:

a. When referring to a natural person, to give, to the extent known, the person's name, job title, present or last known address, and when referring to a natural Person, the  present or last known place of employment.

b. When referring to a person other than a natural person, to give, to the extent known, the person's name, the address of its principal place of business, its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that other person's principal place of business, that other person's telephone number, and the name of that other person's chief executive officer.

c. When referring to a document, to give, to the extent known, the date the document was prepared, the author(s) of the document, the persons to whom the document was sent, and the name of the document.  To the extent that a document reveals on its face the identification requested by an interrogatory, it is sufficient to produce the document.

d.  When referring to a claim of infringement, give, to the extent known, the person to whom or to which the claim was sent, the amount of money initially demanded, the amount of money awarded or agreed to on that claim, and the amount

of money actually collected on the claim.

    e.  When referring to a license, state the name of the licensee, the title of the work or works that were licensed, the duration of the license, and the amount charged for the license.

    f. When referring to any other information, to give a full, complete, forthright, and correct account of whatever is the subject of the inquiry.

10. The term "including" means including, but not limited to.

11. The term "information" shall be construed to mean information of any kind in any form whatsoever.

12. The term "person" includes a natural person, individual, firm, association, organization, partnership, business, trust, limited liability company, proprietorship, joint venture, corporation, public entity, governmental body, group of natural persons or other entities, or any other business enterprise.

13. The term "Plaintiff" refers to Prepared Food Photos, Inc. formerly known as Adlife Marketing & Communications Co. and includes any agents, servants, or other persons acting or purporting to act on Plaintiff's behalf.

14. The term "relating to" shall be construed to mean containing, constituting, considering, comprising, concerning, discussing, regarding, describing, reflecting, studying, commenting or reporting on, mentioning, analyzing, touching on, bearing on, referring, alluding, or pertaining to, in whole or in part.

15. The term "Work" refers to the photograph referenced in paragraph 11 of the Complaint.

16. The terms "you," "yours," or "anyone acting on your behalf" includes Plaintiff, its staff, agents, employees, and/or representatives, Plaintiff's insurance company and its staff, agents, representatives, and/or employees, Plaintiff's attorneys and their staff, agents, representatives, and/or employees, Plaintiff's investigators, and anyone else acting on Plaintiff's behalf.   Nothing in this definition shall be construed to require you to produce privileged material.

**Instructions**

1. Answers to interrogatories must be furnished within thirty (30) days of the service of the interrogatories, unless otherwise ordered by the Court.

2. An answer or other appropriate response must be given to each interrogatory. An evasive or incomplete answer will be deemed a failure to answer under Rule 37 of the Federal Rules of Civil Procedure.

3. Each answer must be as complete and straightforward as permitted by the information reasonably available to you, including the information possessed by your representative, agent, and/or attorneys (unless privileged). If an interrogatory cannot be answered completely, answer it to the extent possible.

4. These interrogatories are continuing in nature. Pursuant to Federal Rule of Civil Procedure 26(e), you must supplement or correct its responses in a timely manner if you learn that in some material respect the responses are incomplete or incorrect.

5. Where knowledge, information, or documents are requested, such request encompasses knowledge, information, or documents in your possession, custody, or control, or in the possession, custody, or control of your staff, agents, employees, representatives, and, unless privileged, attorneys, or any other person who has possession, custody, or control of your knowledge, information, or documents.

6. Whenever an interrogatory may be answered by referring to a business record, pursuant to Federal Rule of Civil Procedure 33(d), the document must be attached as an exhibit or referred to specifically by Bates-number range when produced during the course of discovery.

7. For any record or document responsive or relating to these interrogatories which is known to have been destroyed or lost, or is otherwise unavailable, identify each such document by author, address, date, number of pages, and subject matter, and explain in detail the events leading to the destruction or loss or the reason for the unavailability of such document or record.

8. Unless otherwise specified, these interrogatories are limited to the time period of

January 1, 2009 up to and including the date of service of these interrogatories.

9. Your answers to interrogatories must be verified, dated, and signed under oath.

### GENERAL OBJECTIONS

1. Plaintiff Objects to the definition of "Plaintiff" to the extent it purports to include any person or entity other than  Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc.

### INTERROGATORIES

18.  Describe in detail the methods used to conduct rotating reverse image searches for photos in the database of plaintiff's copyrighted images, and to keep track of when each search was done for each image, of who did that search, and of the results and documentation of the search.  Identify in particular any individuals who searched for the Work, including, for each such search, when each search was done for the Work, the date of such search, and the results and documentation of the search.

ANSWER: Plaintiff employs a full-time paralegal and researchers who, on a rotating basis, search the entirety of Plaintiff's image library via google reverse image search to identify and investigate unauthorized uses of Plaintiff's photographs. Plaintiff reiterates its response from Interrogatory 16 – the following employees have performed Plaintiffs internet searches: Joi Ransom, Anthony Albrizio, Jordan Albrizio, Rebecca Jones, Jennifer Albrizio, Brieana Hanzel, David Higgins and Jeremy Howard. Plaintiff maintains a daily log (spreadsheet) which records information such as the image name, company name, URL, date of sighting, and researcher name only if there has been a sighting which is potentially an unlicensed use. The same image has been searched multiple times by Plaintiff over the years, and the first time it appeared in

this search result by Plaintiff's researchers was June 1, 2022.

6

7      19.  State all facts and identify all documents that support plaintiff's contention that defendant's use of an image that included a copy of the Work cost defendant a lost license fee of $11,988 per year of the allegedly infringing use.

8      ANSWER: As a result of Defendant's unauthorized use of the Work, Plaintiff has been damaged by way of its lost license. The license is $999.00 per month, with a 12-month minimum. At that rate, the damages would be $11,988 per year, multiplied by the number of years that Defendant used the work without a license. Pursuant to an agreed upon confidentiality, Plaintiff is producing to Defendant its licensing agreement.

9

10      20. State all facts and identify all documents that support plaintiff's contention that it owns the copyright in the Work.

11      ANSWER: A photographer employed and/or contracted by Plaintiff created the photograph in 2001. Plaintiff registered it with the Register of Copyrights on September 29, 2016. The documents that support this contention are the Certificate of Registration, as well as the deposit materials that illustrate that the work at issue is included in this copyright registration.

12

13      21.  State the amount of income received from iStock (and/or from any other

source) in each calendar year from 2009 through 2016 as commissions from the sale of licenses for use of plaintiff's photographs.

14  ANSWER: See chart below.

| Year | Commissions |
|------|-------------|
| 2009 | No financial records exist |
| 2010 | No financial records exist |
| 2011 | No financial records exist |
| 2012 | $134,000 |
| 2013 | $124,493 |
| 2014 | $113,672 |
| 2015 | $104,428 |
| 2016 | $102,632 |

11  Dated: November 22, 2023

12  /s/ Lauren Hausman
    Lauren Hausman (*pro hac vice*)
13  CopyCat Legal PLLC
    3111 N. University Drive, Suite 301
14  Coral Springs, Florida 33065
    (877) 437-6228
15  lauren@copycatlegal.com

16  /s/ Max Archer
    Max Archer
17  Riverside Law Group
    WSBA #54081
18  905 W. Riverside Ave., Suite 404
    Spokane, WA 99201
19  (509) 504-8714
    mka@riverside-law.com

20
21
22
23
24
25

## CERTIFICATE OF SERVICE

I hereby certify that, on November 22, 2023, I served the foregoing document via e-mail to: Paul Levy, Esq. (plevy@citizen.org) and Stephen Kirby, Esq. (kirby@kirbylawoffice.com).

/s/ Lauren Hausman

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 11/22/2023

*Rebecca M. Jones*
ID BhRHbNvsT2ABQTZ5Jz89VHAJ

Rebecca Jones

# eSignature Details

---

**Signer ID:**        **BhRHbNvsT2ABQTZ5Jz89VHAJ**
Signed by:            Rebecca Jones
Sent to email:        rebecca@preparedfoodphotos.com
IP Address:           70.169.183.74
Signed at:            Nov 22 2023, 4:40 pm EST

Levy Affirmation
Exhibit D

Levy Affirmation
Exhibit E



Return to website

## Prepared Food Photos Intellectual Property

November 21, 2023

**By Prepared Food Photos**

Prepared Food Photos, Inc, a company specializing in top-quality, high-resolution photographs of food, for use in grocery store retail food establishment advertisements, has a solid history of protecting their Intellectual Property rights through claims of copyright infringement.  This effort has been designed to effectively protect the exclusivity afforded to licensed subscribers of the largest independently owned food image library in the United States. In 2021, Prepared Food Photos moved from Rhode Island to Florida and contracted the services of Florida attorney Daniel DeSouza, through a firm called Copycat Legal.

DeSouza is a professional with extensive knowledge and experience representing his clients in the protection of their Intellectual Property rights.

A demand letter from Copycat Legal is not intended to infer anything illegal has taken place due to the use of a Prepared Food Photos photograph.  Receiving a demand letter simply means that an image, that has been copyrighted by Prepared Food Photos with the Library of Congress, has been identified in an advertisement for your business.  If the photograph was licensed for use, there is nothing to be concerned about.  If the photograph is being used improperly, meaning without a license, then responding to the demand letter is the best course of action.  Whether or not a response is made, with or without an attorney, is up to the letter's recipient.  Responding to the letter with a copy of the license, whether through an internal network or through a third-party vendor who created the ad, will negate any further action on any possible claim.

Prepared Food Photos has been unfairly criticized in the past for these efforts.  Although many photographs in the Prepared Food Photos library have been available in the past through third party licensees, every one of those licenses included a digital receipt for the purchaser to save and avoid any issues with the photographs use.  With the exponential growth of the Internet, many properly licensed uses have simply been copied and pasted by parties either not willing to pay for a photograph or who did not realize the repercussions of such a decision.  Prepared Food Photo's work in trying to locate those unlicensed uses has placed the moniker of

"Copyright Troll" on them.  For many years now recipients of a demand letter, and those who claim to represent potential infringers, have misaligned the Prepared Food Photo name to detract from the fact that Prepared Food Photos has every right to look for and lay claim against any unlicensed use of its protected property. Third party vendors that once licensed a small number of the overall image library have refused to share their licensing data with Prepared Food Photos, which makes the enforcement process complicated.

Prepared Food Photos has expended a considerable number of resources building its image library, an investment which has spanned decades.  Until the advent of desktop publishing and the copy and paste mentality took hold the only way an image could be used was by purchasing it from a third-party vendor.  It was not until 2016 that it was discovered that many of the photographs in the Prepared Food Photos library were being displayed in advertisements that were not licensed uses.  Third party vendors, who benefited from the initial licensing fees paid by users, had no interest or intent to assist Prepared Food Photos in determining what was a licensed use they were compensated for, and an unlicensed use. Therefore, Prepared Food Photos was forced to take on the issue of locating unlicensed use of its own images.  All third-party licensing ceased, and Prepared Food Photos began its own Intellectual Property Rights Protection efforts.

Copyrights on all the images in the library

began in 2016 and continues to this day.

The Prepared Food Photos library of
photographs was created initially for retail food
businesses, like supermarkets. Prepared Food
Photos has taken the time to format its images to
be used in both print and online, which
facilitates a much smoother process for weekly
advertising campaigns, which food retailers are
accustomed to doing.  With no Third-Party
vendors working for Prepared Food Photos
anymore, the company began its own website,
licensing subscriptions for access to all the
images in the library, some of which were
available previously, and some that were not.
Subscriptions were designed to be exclusionary
as retailers were looking for images that would
foster its Brand in the marketplace.  A monthly
subscription fee of $999 would help to assure
retailers that the Thanksgiving Turkey image
which has become part of their branding was
not used by their competitors.

Individuals, businesses, and their respective
counsel, with no, or limited, knowledge of the
time, energy and expense associated with
branding, the proper formatting of images, and
the protections afforded to copyright holders
through statute, have found it easier to label
Prepared Food Photos as "Trolls" simply looking
to cash in on unsuspecting small businesses,
which could not be further from the truth.

How Copycat Legal pursues possible
infringement claims has been described by
many as too aggressive.  For many years while

Prepared Food Photos worked to defend its rights without counsel, many of those contacted simply refused to cooperate with the process and ignored any notices they received.  With the advent of Prepared Food Photos association with Copycat Legal, the notice of possible infringement and remedies associated with it have not gone ignored.

So called "Social Justice" advocates expound on the fact that the only official judgements supporting Prepared Food Photos claims and affirming their rights and compensatory amounts are part of the public record as Default Judgements.  This is true only because those infringers decided to ignore notices and demand letters, which has only hurt their ability to formally defend their actions.  All that have responded to the notices and demand letters have had the ability to provide a copy of any potential license associated with the image or work with Copycat Legal to negotiate a fair and equitable settlement that is beneficial to both parties.

♥  1 Likes     ◄ Share

← Bad-Adz Giving Thanks

Buy Symbiotic...Join Rick Cohen! →

email: sales@bad-adz.com

Levy Affirmation
Exhibit F

PACER Case Locator - Search Results

https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=a7929ee9f7d145d883b32371f9...

ⓘ **PACER Maintenance, 04/07/2024**

Our systems will undergo maintenance on Sunday, April 7, 2024, from 7:00 a.m. to 1:00 p.m. ET. Access to certain portions of this site may be temporarily unavailable.

✕

An official website of the United States government.   Here's how you know. ⌄

🏛 PACER
Case Locator

Log in to PACER Systems 🔊

Party Search Results

**Search Criteria:** Party Search; Date Filed From (On or After): [09/22/2023]; Date Filed To (On or Before): [04/05/2024]; Jurisdiction Type: [Civil]; Nature of Suit: [820]; Last Name: [AdLife]; Party Role: [PLA]
**Result Count:** 12 (1 page)
**Current Page:1**

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| Adlife Marketing (pla) | 2:2023cv07155 | Prepared Food Photos, Inc, et al. v. Annadele, Inc. | Louisiana Eastern District Court |
| Adlife Marketing & Communication Co, Inc. (pla) | 8:2024cv00091 | Prepared Food Photos, Inc. v. Pinpoint Card, Inc. | Nebraska District Court |
| Adlife Marketing & Communications Co Inc (pla) | 6:2024cv00017 | Prepared Food Photos Inc v. A C of Lafayette L L C | Louisiana Western District Court |
| Adlife Marketing & Communications Co Inc (pla) | 6:2024cv00351 | Prepared Food Photos Inc v. Clydes Chicken King Inc | Louisiana Western District Court |
| Adlife Marketing & Communications Co, Inc. (pla) | 0:2023cv62352 | Prepared Food Photos, Inc. v. Food Fair Plantation Corp et al | Florida Southern District Court |
| Adlife Marketing & Communications Co, Inc. (pla) | 0:2024cv60322 | Prepared Food Photos, Inc. v. Ameriflax | Florida Southern District Court |
| Adlife Marketing & Communications Co, Inc. (pla) | 3:2024cv50073 | Prepared Food Photos, Inc. v. 640 Meats, LLC | Illinois Northern District Court |
| Adlife Marketing & Communications Co, Inc. (pla) | 5:2023cv12837 | Prepared Food Photos, Inc. v. Saad Wholesale Inc. | Michigan Eastern District Court |
| ADLIFE MARKETING & COMMUNICATIONS CO, INC. (pla) | 2:2024cv00028 | PREPARED FOOD PHOTOS, INC. v. LA STRADA RESTAURANT, INC. | New Jersey District Court |

4/6/2024, 8:27 AM

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| Adlife Marketing & Communications Co, Inc. (pla) | 1:2024cv00946 | Prepared Food Photos, Inc. v. Warner Bros. Discovery, Inc. | New York Southern District Cour |
| Adlife Marketing & Communications Co, Inc. (pla) | 1:2023cv02470 | Prepared Foods Photos, Inc. v. Antonio's Pizza, Inc. | Ohio Northern District Court |
| Adlife Marketing & Communications Co, Inc. (pla) | 3:2023cv00433 | Prepared Food Photos, Inc. v. Bryant Beef LLC | Tennessee Eastern District Cour |

**PACER Service Center**

| | |
|---|---|
| | 04/06/2024 07:26:50 |
| User | PaulAlanLevy |
| Client Code | |
| Description | All Court Types Party Search |
| | All Courts; Name AdLife; Role pla; All Courts; Date Filed 09/22/2023 to 04/05/2024; Jurisdiction CV; Nature Of Suit 820; Page:1 |
| Billable Pages | 1 ($0.10) |

PACER FAQ                 Privacy & Security                 Contact Us

**PACER Service Center**
(800) 676-6856
pacer@psc.uscourts.gov

This site is maintained by the Administrative Office of the U.S. Courts on behalf of the Federal Judiciary.

2 of 2                 4/6/2024, 8:27 AM

An official website of the United States government.    Here's how you know. ⌄



PACER
Case Locator

Party Search Results

Log in to PACER Systems ⬢

**Search Criteria:** Party Search; Date Filed From (On or After): [10/01/2016]; Date Filed To (On or Before): [10/30/2023]; Jurisdiction Type: [Civil]; Last Name: [AdLife Marketing]; Party Role: [PLA]; Sort: [Date Filed, Ascending]
**Result Count:** 262 (5 pages)
**Current Page:** 4

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv00334 | Prepared Food Photos, Inc. v. Plascon Packaging, Inc. | Michigan Western District Court |
| ADLIFE MARKETING & COMMUNICATIONS CO., INC. (pla) | 2:2023cv01294 | PREPARED FOOD PHOTOS, INC. v. JUNIATA SUPERMARKET, INC. | Pennsylvania Eastern District Co |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv00926 | Prepared Food Photos, Inc. v. New Kianis Pizza & Subs, Inc. | Maryland District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv00931 | Prepared Food Photos, Inc. v. AM Inc. | Colorado District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv02390 | Prepared Food Photos, Inc. v. Urfoodsupply | Illinois Northern District Court |
| Adlife Marketing and Communications Co., Inc. (pla) | 1:2023cv00160 | Prepared Food Photos, Inc. v. 305 Provisions Group, Inc. | Rhode Island District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 3:2023cv00478 | Prepared Food Photos, Inc. v. RDS Grocery, LLC | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 8:2023cv00907 | Prepared Food Photos, Inc. v. Life Renu, LLC | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv10968 | Prepared Food Photos, Inc. v. Didrik Corporation | Massachusetts District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 3:2023cv00538 | Prepared Food Photos, Inc. v. Family Cookbook Project LLC | Florida Middle District Court |
| ADLIFE MARKETING & COMMUNICATIONS CO. INC. (pla) | 2:2023cv00745 | PREPARED FOOD PHOTOS, INC. V. SY'S PIZZA & SUB SHOP, LLC | Pennsylvania Western District C |

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv03895 | Prepared Food Photos, Inc. v. Chicken Joes, LLC | New York Southern District Cou |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2023cv11103 | Prepared Food Photos, Inc. v. Coffee & Toffee LLC | Michigan Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv01234 | Prepared Food Photos, Inc. v. Illiano's J & P - Hampstead, Inc. | Maryland District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv11085 | Prepared Food Photos, Inc. v. WeNeedAVacation.com, LLC | Massachusetts District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 8:2023cv00195 | Prepared Food Photos, Inc. v. Jayjet Enterprises, Inc. | Nebraska District Court |
| ADLIFE MARKETING & COMMUNICATIONS CO., INC. (pla) | 2:2023cv01831 | PREPARED FOOD PHOTOS, INC. v. COCOS PIZZA ASTON LLC | Pennsylvania Eastern District Co |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2023cv03617 | Prepared Food Photos, Inc. v. J.M.J. Bagel Delicatessen, Inc. | New York Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 3:2023cv30054 | Prepared Food Photos, Inc. v. Wing Madness Springfield LLC | Massachusetts District Court |
| ADLIFE Marketing & Communications Co., Inc. (pla) | 3:2023cv00330 | Prepared Food Photos, Inc. v. Andersons Neck, LLC | Virginia Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 3:2023cv00647 | Prepared Food Photos Inc. v. Wing Madness Inc. | Connecticut District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2023cv00100 | Prepared Food Photos, Inc. v. Lakes Super Market, Inc. | Michigan Western District Court |
| Adlife Marketing & Communications Co., Inc., a Florida for profit corporation (pla) | 2:2023cv00160 | Prepared Food Photos Inc v. Pool World Inc | Washington Eastern District Cou |
| Adlife Marketing & Communications Co., Inc. (pla) | 8:2023md03075 | In Re: Prepared Food Photos, Inc. Copyright Litigation | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 8:2023cv01270 | Prepared Food Photos, Inc. v. Original Big Tomato, LLC et al | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 8:2023cv01297 | Prepared Food Photos, Inc. v. Tonys Pizza of Poughkeepsie, Inc. et al | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 8:2023cv01296 | Prepared Food Photos, Inc. v. Bravo West Pizza, LLC et al | Florida Middle District Court |

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| Adlife Marketing & Communications Co., Inc. (pla) | 8:2023cv01306 | Prepared Food Photos, Inc. v. N & K Foods, Inc. et al | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 8:2023cv01300 | Prepared Food Photos, Inc. v. Three Brothers Italian Kitchen Ltd, et al | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2023cv00263 | Prepared Food Photos, Inc. v. Coastal Cattle, LLC | Virginia Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 3:2023cv00778 | Prepared Food Photos, Inc. v. KKJS Enterprises LLC | Connecticut District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv05777 | Prepared Food Photos, Inc. v. Red's Restaurant, Inc. | New York Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv40079 | Prepared Food Photos, Inc. v. 31 Lynnfield Corporation, Inc. | Massachusetts District Court |
| ADLIFE Marketing & Communications, Co., Inc. (pla) | 3:2023cv00456 | Prepared Food Photos, Inc. v. Southern Roots Farm LLC | Virginia Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv06382 | Prepared Food Photos, Inc. v. Los Pinos Food Corp. | New York Southern District Court |
| ADLIFE MARKETING & COMMUNICATIONS CO., INC. (pla) | 3:2023cv03950 | PREPARED FOOD PHOTOS, INC. v. STRYKER GOLF, L.L.C. | New Jersey District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 4:2023cv00927 | Prepared Food Photos, Inc. v. Kayasan, LLC | Missouri Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2023cv11847 | Prepared Food Photos, Inc. v. Clarkston Royal Diner, Inc. | Michigan Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv05091 | Prepared Food Photos, Inc. v. Captain Hooks of Roosevelt, Inc. | Illinois Northern District Court |
| ADLIFE MARKETING & COMMUNICATIONS CO., INC. (pla) | 2:2023cv01427 | PREPARED FOOD PHOTOS, INC. v. SEBASTIAN ENTERPRISES, INC. | Pennsylvania Western District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 4:2023cv02929 | Prepared Food Photos, Inc. v. Stantons Shopping Center, Inc. | Texas Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 9:2023cv81133 | Prepared Food Photos, Inc. v. StoresGo, Inc. | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 3:2023cv01120 | Prepared Food Photos, Inc. v. Clarion Events, Inc. | Connecticut District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv01203 | Prepared Food Photos, Inc. v. J West Ventures LLC | Wisconsin Eastern District Court |

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv08036 | Prepared Food Photos, Inc. v. Eat Food Distributors, LLC | New York Southern District Cour |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2023cv01478 | Prepared Food Photos, Inc vs Vegas VIP, LLC | Nevada District Court |

**PACER Service Center**

| | |
|---|---|
| User | PaulAlanLevy |
| | 10/30/2023 14:18:31 |
| Client Code | |
| Description | All Court Types Party Search |
| | All Courts; Name AdLife Marketing; Role pla; All Courts; Date Filed 10/01/2016 to 10/30/2023; Jurisdiction CV; Page: 5; sort DateFiled, ASC |
| Billable Pages | 1 ($0.10) |

PACER FAQ                    Privacy & Security                    Contact Us

**PACER Service Center**
(800) 676-6856
pacer@psc.uscourts.gov

This site is maintained by the Administrative Office of
the U.S. Courts on behalf of the Federal Judiciary.

An official website of the United States government.    Here's how you know. ∨

Log in to PACER Systems

**PACER Case Locator**

Party Search Results

**Search Criteria:** Party Search; Date Filed From (On or After): [10/01/2016]; Date Filed To (On or Before): [10/30/2023]; Jurisdiction Type: [Civil]; Last Name: [AdLife Marketing]; Party Role: [PLA]; Sort: [Date Filed, Ascending]
**Result Count:** 262 (5 pages)
**Current Page:** 5

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| Adlife Marketing & Communications Co., Inc. (pla) | 4:2022cv07754 | Prepared Food Photos, Inc. v. Focaccia Reserve, Inc. | California Northern District Cour |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv01176 | Prepared Food Photos, Inc. v. Sawyer Garden Center, Inc. | Michigan Western District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 8:2022cv03334 | Prepared Food Photos, Inc. v. La Prima Food Group, Inc | Maryland District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 0:2022cv62387 | Prepared Food Photos, Inc. v. RubyCo, Inc. | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2022cv09292 | Prepared Food Photos, Inc. v. General Seafood Distributor, Inc. | California Central District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv03297 | Prepared Food Photos, Inc. v. Chicago-Market-Distributors, Inc. | Colorado District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv03299 | Prepared Food Photos, Inc. v. Chicago-Market-Distributors, Inc. | Colorado District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2022cv00829 | Prepared Food Photos, Inc. v. Mola Pizza, Inc. et al | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv24195 | Prepared Food Photos, Inc. v. Original Big Tomato, LLC et al | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 8:2023cv01278 | Prepared Food Photos, Inc. v. Mola Pizza, Inc. et al | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv05110 | Prepared Food Photos, Inc. v. QuickFixe Meals, Inc. | Georgia Northern District Court |

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv10951 | Prepared Food Photos, Inc. v. Bravo West Pizza, LLC et al | New York Southern District Cour |
| ADLIFE MARKETING & COMMUNICATIONS CO., INC. (pla) | 3:2023cv00332 | Prepared Food Photos, Inc. v. N & K Foods, Inc. et al | Maryland District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 3:2023cv00332 | PREPARED FOOD PHOTOS, INC. v. MARTELLS TIKI BAR INC | New Jersey District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 6:2023cv00117 | Prepared Food Photos, Inc. v. Prompt Charters & Tours, LLC | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 6:2023cv00122 | Prepared Food Photos, Inc. v. Myrtle Beach VIP Party Bus, LLC | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2023cv10227 | Prepared Food Photos, Inc. v. Noora, Inc. | Michigan Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv01012 | Prepared Food Photos, Inc. v. The Dugout N.Y. LLC | New York Northern District Cour |
| Adlife Marketing & Communications Co., Inc. (pla) | 0:2023cv60183 | Prepared Food Photos, Inc. v. Delvecchio Pizza, LLC | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv00886 | Prepared Food Photos, Inc. v. Investopedia, LLC | New York Southern District Cour |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv01012 | Prepared Food Photos, Inc. v. Elsa la Reyna del Chicharron Inc. | New York Southern District Cour |
| Adlife Marketing & Communications Co., Inc. (pla) | 3:2023cv00170 | Prepared Food Photos, Inc. v. Park Place Restaurant, LLC | New York Northern District Cour |
| Adlife Marketing & Communications Co., Inc. (pla) | 6:2023cv00079 | Prepared Food Photos, Inc. v. Brookshire Grocery Company et al | Texas Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv01125 | Prepared Food Photos, Inc. v. Dyker Park Hot Bagels, Inc. | New York Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 4:2023cv00163 | Prepared Food Photos, Inc. v. Arcadia Academy, LLC | Missouri Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv01175 | Prepared Food Photos, Inc. v. Gourmet Deli and Grill Zone Inc | New York Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv00681 | Prepared Food Photos, Inc. v. C&H Needham LLC | Georgia Northern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv00202 | Prepared Food Photos, Inc. v. Venezia Pizza & Pasta, Inc. | New York Northern District Cour |

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| ADLIFE MARKETING & COMMUNICATIONS CO INC (pla) | 1:2023cv00030 | PREPARED FOOD PHOTOS INC v. GUMBYS PIZZA FRANCHISE LLC | Florida Northern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv01011 | Prepared Food Photos, Inc. v. Fiesta Market, Inc. | Illinois Northern District Court |
| ADLIFE MARKETING & COMMUNICATIONS CO, INC. (pla) | 1:2023cv01538 | Prepared Food Photos, Inc. v. The Dugout NY, LLC | New York Southern District Cour |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2023cv01484 | Prepared Food Photos, Inc. v. Mikeys Famous Marinades Corp. | New York Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 3:2023cv02258 | Prepared Food Photos Inc. v. Miss Thelma's Restaurant LLC | Connecticut District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv00302 | Prepared Food Photos, Inc. v. Papaya Fresh Mediterranean Market Inc. | California Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 4:2023cv00164 | Prepared Food Photos, Inc. v. Wing Brothers LLC | Texas Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv01329 | Prepared Food Photos, Inc. v. Belly Melly, LLC | Illinois Northern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2023cv10559 | Prepared Food Photos, Inc. v. Yono Alpine Foods, Inc. | Michigan Eastern District Court |
| ADLIFE MARKETING & COMMUNICATIONS CO., INC. (pla) | 2:2023cv00947 | PREPARED FOOD PHOTOS, INC. v. BELLS MARKET PHARMACY, LLC | Pennsylvania Eastern District Co |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2023cv00459 | Prepared Food Photos, Inc. v. KM Market and Grill, Inc. | California Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 6:2023cv00453 | Prepared Food Photos, Inc. v. AgewellSolutions, LLC | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 8:2023cv00553 | Prepared Food Photos, Inc. v. Farmer Jack Produce, Inc. | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2023cv01831 | Prepared Food Photos, Inc. v. L & J Meats, LLC | California Central District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv02146 | Prepared Food Photos, Inc. v. 8Coupons, Inc. | New York Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv21058 | Prepared Food Photos, Inc. v. I Heart Fries US LLC | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 7:2023cv00089 | Prepared Food Photos, Inc. v. FE-MA Enterprises, Inc. | Texas Southern District Court |

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| Adlife Marketing & Communications Co., Inc. (pla) | 3:2023cv00312 | Prepared Food Photos, Inc. v. Mandarin/St. Johns Elks Lodge #2866 | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv00781 | Prepared Food Photos, Inc. v. Kosher Bite Inc. | Maryland District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 6:2023cv00520 | Prepared Food Photos, Inc. v. Orlando Outdoor Landscaping, LLC | Florida Middle District Court |
| ADLIFE MARKETING & COMMUNICATIONS CO., INC. (pla) | 1:2023cv01639 | PREPARED FOOD PHOTOS, INC. v. TILTON MARKET, INC. | New Jersey District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2023cv02201 | Prepared Food Photos, Inc. v. Harvest Gathering Farm, LLC | California Central District Court |
| ADLIFE MARKETING & COMMUNICATIONS CO., INC. (pla) | 2:2023cv01211 | PREPARED FOOD PHOTOS, INC. v. ADNER LLC | Pennsylvania Eastern District Co... |
| ADLIFE MARKETING & COMMUNICATIONS CO., INC. (pla) | 1:2023cv01781 | PREPARED FOOD PHOTOS, INC. v. DAVID & SONS MEATS LLC | New Jersey District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv40034 | Prepared Food Photos, Inc. v. Michael P. Owens | Massachusetts District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2023cv10683 | Prepared Food Photos, Inc. v. Smithfield Market of Barnstable | Massachusetts District Court |

**PACER Service Center**

| | |
|---|---|
| | 10/30/2023 14:18:10 |
| User | PaulAlanLevy |
| Client Code | |
| Description | All Court Types Party Search |
| | All Courts; Name AdLife Marketing; Role pla; All Courts; Date Filed 10/01/2016 to 10/30/2023; Jurisdiction CV; Page: 4; sort: DateFiled, ASC |
| Billable Pages | 1 ($0.10) |

***** Previously Billed *****

PACER FAQ          Privacy & Security          Contact Us

This site is maintained by the Administrative Office of

**PACER Service Center**

C-71

An official website of the United States government.    Here's how you know. ⌄

Log in to PACER Systems ⬇

**PACER** Case Locator

Party Search Results

**Search Criteria:** Party Search; Date Filed From (On or After): [10/01/2016]; Date Filed To (On or Before): [10/30/2023]; Jurisdiction Type: [Civil]; Last Name: [AdLife Marketing]; Party Role: [PLA]; Sort: [Date Filed, Ascending]
**Result Count:** 262 (5 pages)
**Current Page:** 5

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| Adlife Marketing & Communications Co., Inc. (pla) | 0:2022cv61351 | Prepared Food Photos, Inc. v. Killam & Bassette Farmstead, LLC | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv04324 | Prepared Food Photos, Inc. v. EatOkra Inc. | New York Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv04349 | Prepared Food Photos, Inc. v. The Arena Group Holdings, Inc. | New York Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv03832 | Prepared Food Photos, Inc. v. 193 Corp. | Illinois Northern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2022cv04357 | Prepared Food Photos, Inc. v. Bare Naked Bakery, LLC | New York Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 8:2022cv01872 | Prepared Food Photos, Inc. v. The Good Earth Natural Foods Company | Maryland District Court |
| ADLIFE MARKETING & COMMUNICATIONS CO., INC., (pla) | 0:2022cv61406 | PREPARED FOOD PHOTOS, INC. v. ARIZONA RUB LLC | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 0:2022cv61426 | Prepared Food Photos, Inc. v. The Produce Patch LLC | Florida Southern District Court |
| Adlife Marketing & Communications Co Inc (pla) | 1:2022cv00898 | Prepared Food Photos Inc v. Marchant's Foods Inc | Wisconsin Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv00716 | Prepared Food Photos, Inc. v. Harbor Springs Chamber of Commerce | Michigan Western District Court |
| Adlife Marketing & Communications Co. Inc. (pla) | 1:2022cv00717 | Prepared Food Photos, Inc. v. Petoskey Regional Chamber of Commerce | Michigan Western District Court |

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| Adlife Marketing & Communications Co., Inc. (pla) | 4:2022cv00175 | Prepared Food Photos, Inc. v. Willis Orchard Company, LLC | Georgia Northern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv07123 | Prepared Food Photos, Inc v. Cratejoy Inc. et al | New York Southern District Cour |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv02119 | Prepared Food Photos, Inc. v. Three Brothers Italian Kitchen Ltd. et al | Maryland District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 8:2022cv01924 | Prepared Food Photos, Inc. v. Zein LLC et al | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv07160 | Prepared Food Photos, Inc. v. Tonys Pizza of Poughkeepsie, Inc. et al | New York Southern District Cour |
| Adlife Marketing & Communications Co., Inc. (pla) | 0:2022cv61573 | Prepared Food Photos, Inc. v. Villa Milagro Vineyards, LLC et al | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 0:2022cv61671 | Prepared Food Photos, Inc. v. Fat Daddy Co. | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv07953 | Prepared Food Photos, Inc. v. Trip Restaurant LLC | New York Southern District Cour |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv05560 | Prepared Food Photos, Inc. v. Trip Restaurant LLC | New York Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2022cv00187 | Prepared Food Photos, Inc. v. Great Lakes Foods, LLC | Michigan Western District Court |
| Adlife Marketing & Communications Co Inc (pla) | 2:2022cv01141 | Prepared Food Photos Inc v. Currie & Sons LLC | Wisconsin Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv02540 | Prepared Food Photos, Inc. v. Lasater Grasslands Beef, LLC | Colorado District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 8:2022cv02244 | Prepared Food Photos, Inc. v. Ovation Bistro & Bar, LLC | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2022cv07158 | Prepared Food Photos, Inc. v. Lekai Inc. | California Central District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv23197 | Prepared Food Photos, Inc. v. Miami Beach 411 Corporation | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv05882 | Prepared Food Photos, Inc. v. Brian Dempseys et al | New York Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2022cv05983 | Prepared Food Photos, Inc. v. Goodale Farms, Inc. | New York Eastern District Court |

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv08516 | Prepared Food Photos, Inc. v. Eastchester Fish Gourmet, Inc. | New York Southern District Cour |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2022cv12399 | Prepared Food Photos, Inc. v. C & G Publishing, Inc. | Michigan Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 0:2022cv61883 | Prepared Food Photos, Inc. v. Gonzague Foods, LLC | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2022cv00638 | Prepared Food Photos, Inc. v. 4 The Gourmet, Inc. | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 4:2022cv03538 | Prepared Food Photos, Inc. v. Bull Creek, Inc. | Texas Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 6:2022cv01956 | Prepared Food Photos, Inc. v. Stage Coach Sauces, LLC | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv23478 | Prepared Food Photos, Inc. v. Warehouse Division of World Terminal and Distributing Corp. | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv05900 | Prepared Food Photos, Inc. v. Fathead Design, Inc. | Illinois Northern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 5:2022cv01108 | Prepared Food Photos, Inc. v. G & C Food Distributors & Brokers Inc. | New York Northern District Cour |
| Adlife Marketing & Communications Co., Inc. (pla) | 0:2022cv61995 | Prepared Food Photos, Inc. v. Familysavings Media Corp. | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 8:2022cv02443 | Prepared Food Photos, Inc. v. Packers' Plus Foods, Inc. | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 6:2022cv02005 | Prepared Food Photos, Inc. v. Casselberry Patio Bar, Inc. | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2022cv08040 | Prepared Food Photos, Inc. v. Citygrid Media, LLC | California Central District Court |
| Adlife Marketing and Communications Co., Inc. (pla) | 2:2022cv08042 | Prepared Food Photos, Inc. v. CityGrid Media, LLC | California Central District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 4:2022cv03242 | Prepared Food Photos, Inc. v. Burwell Bowlers, LLC | Nebraska District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv09446 | Prepared Food Photos, Inc. v. Executive Dining Club, Inc. | New York Southern District Cour |

C-74

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv06197 | Prepared Food Photos, Inc. v. Bellissimo Distribution, LLC | Illinois Northern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2022cv07005 | Prepared Food Photos, Inc. v. Crescent Packing Corp. | New York Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 0:2022cv62134 | Prepared Food Photos, Inc. v. David's Cemetery Association | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 0:2022cv62144 | Prepared Food Photos, Inc. v. Beaver Supermarket, Inc. | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 4:2022cv03998 | Prepared Food Photos, Inc. v. D. Houston, Inc. | Texas Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2022cv12837 | Prepared Food Photos, Inc. v. Dobrys, Inc. | Michigan Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 0:2022cv62223 | Prepared Food Photos, Inc. v. Valley Distributing of Montana, Inc. | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv01270 | Prepared Food Photos, Inc. v. WaDaYaNeed, LLC | New York Northern District Cour |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2022cv08761 | Prepared Food Photos, Inc. v. Port Town Foods, LLC | California Central District Court |
| ADLIFE MARKETING & COMMUNICATIONS CO., INC. (pla) | 2:2022cv07029 | PREPARED FOOD PHOTOS, INC. v. ANTHONY & SONS ITALIAN BAKERY, INC. | New Jersey District Court |

**PACER Service Center**

| User | PaulAlanLevy | 10/30/2023 14:17:52 |
|---|---|---|
| Client Code | | |
| Description | All Court Types Party Search | |
| | All Courts; Name AdLife Marketing; Role pla: All Courts; Date Filed 10/01/2016 to 10/30/2023; Jurisdiction CV; Page: 3; sort: DateFiled, ASC | |
| Billable Pages | 1 ($0.10) | |

*** Previously Billed ***

PACER FAQ    Privacy & Security    Contact Us

C-75

An official website of the United States government.  Here's how you know  ⌄

Log in to PACER Systems ➡

▤ PACER
Case Locator

Party Search Results

**Search Criteria:** Party Search; Date Filed From (On or After): [10/01/2016]; Date Filed To (On or Before): [10/30/2023]; Jurisdiction Type: [Civil]; Last Name: [AdLife Marketing]; Party Role: [PLA]; Sort: [Date Filed, Ascending]

**Result Count:** 262 (5 pages)

**Current Page:** 5

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| Adlife Marketing & Communications Company Inc (pla) | 2:2020cv00178 | Adlife Marketing & Communications Company Inc v. Yoke's Foods Inc | Washington Eastern District Cou |
| Adlife Marketing & Communications Company, Inc. (pla) | 0:2020cv01323 | Adlife Marketing & Communications Company, Inc. v. Coborn's, Incorporated | Minnesota District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 5:2020cv00532 | Adlife Marketing & Communications Co., Inc v. Wades Farm to Plate LLC | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2020cv09231 | Adlife Marketing & Communications Co., Inc. v. Merlin Printing, Incorporated et al | New York Southern District Cour |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2021cv00741 | Adlife Marketing & Communications Co. v. Karns Prime and Fancy Food Ltd et al | Pennsylvania Middle District Cou |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2021cv00698 | Prepared Food Photos, Inc. v. Getty Images et al | New York Western District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 9:2021cv81739 | Prepared Food Photos, Inc. v. Better Than A Bistro, LLC et al | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2021cv07767 | Adlife Marketing & Communications Co., Inc. v. GJJC, LLC | New York Southern District Cour |
| Adlife Marketing & Communications Co., Inc. (pla) | 9:2021cv81786 | Prepared Food Photos, Inc. v. Crescent Food Corp et al | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 6:2021cv01558 | Prepared Food Photos, Inc. v. Casselberry Meat and Produce Inc. | Florida Middle District Court |

C-76

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| Adlife Marketing & Communications Co., Inc. (pla) | 6:2021cv01573 | Prepared Food Photos, Inc. v. Pizza Buffet, Inc. et al | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 9:2021cv81830 | Prepared Food Photos, Inc. v. Souderton Pizza, Inc. et al | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 9:2021cv81876 | Prepared Food Photos, Inc. v. Bagel Barista Corp. et al | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 9:2021cv81878 | Prepared Food Photos, Inc. v. DD Buffalo, LLC | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2021cv05813 | Prepared Food Photos, Inc. v. La Paz Pizza Corp et al | New York Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 9:2021cv81963 | Prepared Food Photos, Inc. v. Shadowbrook Farm LLC | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 6:2021cv01775 | Prepared Food Photos, Inc. v. ECF Property & Management LLC et al | Florida Middle District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 4:2021cv03706 | Prepared Food Photos, Inc. v. Andean Group LLC | Texas Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2021cv04802 | Prepared Food Photos, Inc. v. Bilt Enterprises LLC et al | Georgia Northern District Court |
| ADLIFE MARKETING & COMMUNICATIONS CO INC (pla) | 4:2021cv00467 | PREPARED FOOD PHOTOS INC v. OG SUBS LLC et al | Florida Northern District Court |
| Adlife Marketing & Communications Co., Inc (pla) | 9:2021cv82129 | Prepared Food Photos, Inc. v. Patriot Fine Foods LLC | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 9:2021cv82132 | Prepared Food Photos, Inc. v. Heritage IGA Tiffin, LLC | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 9:2021cv82154 | Prepared Food Photos, Inc. v. Valley Meats LLC | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 9:2021cv82518 | Prepared Food Photos, Inc. v. Whites Kingco, Inc. | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv00040 | Prepared Food Photos, Inc. v. Crescent Food Corp et al | New York Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv00282 | Prepared Food Photos, Inc. v. Illria Foods Corp. | New York Eastern District Court |

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| Adlife Marketing & Communications Co., Inc. (pla) | 4:2022cv00290 | Prepared Food Photos, Inc. v. RR USA Investments LLC | Texas Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv00579 | Prepared Food Photos, Inc. v. Battaglia's Market et al | New York Eastern District Court |
| ADLIFE MARKETING & COMMUNICATIONS CO, INC. (pla) | 2:2022cv00256 | PREPARED FOOD PHOTOS, INC. v. KOCKETKOV | Pennsylvania Western District C |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2022cv00971 | Renee Comet et al v. Valusoft Finance LLC et al | California Central District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2022cv00037 | Prepared Food Photos, Inc. v. Jack's Foods of Menominee, Inc. | Michigan Western District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 4:2022cv00311 | Prepared Food Photos, Inc v. Diffley et al | Missouri Eastern District Court |
| Adlife Marketing & Communications Co Inc (pla) | 1:2022cv00341 | Prepared Food Photos Inc v. T&C Markets Inc | Wisconsin Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 9:2022cv80443 | Prepared Food Photos, Inc v. Winco Foods LLC | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 9:2022cv80639 | Prepared Food Photos, Inc. v. Joslyn's Foods, Inc. | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 4:2022cv03066 | Prepared Food Photos, Inc. v. Leon's Food Mart Inc. | Nebraska District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv01047 | Prepared Food Photos, Inc. v. DJ Grille & Tap Concepts, Inc. | Colorado District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 9:2022cv80664 | Prepared Food Photos, Inc. v. Health Foods, LLC | Florida Southern District Court |
| ADLIFE MARKETING & COMMUNICATIONS CO., INC., (pla) | 2:2022cv10969 | PREPARED FOOD PHOTOS, INC. v. HUCKLEBERRY JUNCTION PIZZA EXPRESS LLC | Michigan Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 0:2022cv60863 | Prepared Food Photos, Inc. v. West Hartford Kitchen, LLC | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv21414 | Prepared Food Photos, Inc v. The Charter Agency LLC | Florida Southern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv01137 | Prepared Food Photos, Inc. v. Mustang Pizza & Subs, Inc. | Maryland District Court |

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv02488 | Prepared Food Photos, Inc. v. Land O'Frost Inc | Illinois Northern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2022cv02853 | Prepared Food Photos, Inc. v. Long Island Media Group, LLC | New York Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2022cv00376 | Prepared Food Photos, Inc. v. Stansell & Jameson, Inc. | New Mexico District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 0:2022cv61007 | Prepared Food Photos, Inc. v. Dry Lakes Ranch Beef, LLC | Florida Southern District Court |
| Adlife Marketing & Communications Co Inc (pla) | 2:2022cv00642 | Prepared Food Photos Inc v. Jaber et al | Wisconsin Eastern District Court |
| Adlife Marketing & Communications Co Inc (pla) | 2:2022cv00652 | Prepared Food Photos Inc v. Hometown Publications II Inc | Wisconsin Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv01434 | Prepared Food Photos, Inc., v. Bianca LLC | Colorado District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2022cv03393 | Prepared Food Photos, Inc. v. Point Lookout Clam Bar, Inc. et al | New York Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 8:2022cv00214 | Prepared Food Photos, Inc. v. Kimball Foods, LLC | Nebraska District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv00704 | Prepared Food Photos, Inc. v. Shadowbrook Farm LLC | New York Northern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 1:2022cv04196 | Prepared Food Photos, Inc. v. Silver Star of Brooklyn / Brooklyns Best Inc. | New York Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2022cv04258 | Prepared Food Photos, Inc. v. Gemstone Supermarkets, Inc. et al | New York Eastern District Court |

**PACER Service Center**

10/30/2023 14:17:36

| | |
|---|---|
| User | PaulAlanLevy |
| Client Code | |
| Description | All Court Types Party Search |
| | All Courts; Name Adlife Marketing; Role pla; All Courts; Date Filed 10/01/2016 to 10/30/2023; Jurisdiction CV; Page: 2; sort DateFiled, ASC |
| Billable Pages | 1 ($0.10) |

An official website of the United States government    Here's how you know. ⌄

Log in to PACER Systems 🔅

▥ PACER
Case Locator

Party Search Results

**Search Criteria:** Party Search; Date Filed From (On or After); [10/30/2023]; Jurisdiction Type; [Civil]; Last Name; [AdLife Marketing]; Party Role; [PLA]; Sort; [Date Filed, Ascending]
Date Filed To (On or Before); [10/01/2016]; Date Filed From (On or After);

**Result Count** 262 (5 pages)
**Current Page:** 5

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| Adlife Marketing & Communications Co., Inc. (pla) | 2:2017cv02978 | Adlife Marketing & Communications Co., Inc. v. Best Yet Market, Inc. | New York Eastern District Court |
| Adlife Marketing & Communications Co., Inc. (pla) | 4:2017cv04254 | Adlife Marketing & Communications Co., Inc. v. Fareway Stores, Inc. | Illinois Central District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 1:2017cv01418 | Adlife Marketing & Communications Company, Inc. v. Multi-Ad Solutions, LLC, et al | Illinois Central District Court |
| Adlife Marketing & Communications Company (pla) | 2:2018cv00019 | Adlife Marketing & Communications Company v. Peterson Market | Utah District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 2:2018cv00376 | Adlife Marketing & Communications Company, Inc. v. Associated Supermarket Group, LLC et al | New York Eastern District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 2:2018cv01068 | Adlife Marketing & Communications Company, Inc. v. Giunta's Meat Farms, Inc. et al | New York Eastern District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 6:2018cv06249 | Adlife Marketing & Communications Company, Inc. v. Twin Cities Food Center, Inc. | New York Western District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 1:2018cv00608 | Adlife Marketing & Communications Company, Inc. v. Sanders Brothers Inc. | New York Western District Court |
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. (pla) | 1:2018cv00636 | ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. V. LOWES FOODS, LLC | North Carolina Middle District Co |

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| Adlife Marketing & Communications Company Inc (pla) | 8:2018cv01976 | Adlife Marketing & Communications Company Inc v. Quality Foods of Anderson SC Inc | South Carolina District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 1:2018cv01102 | Adlife Marketing & Communications Company, Inc. v. Tops Markets, LLC | New York Northern District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 1:2018cv10275 | Adlife Marketing & Communications Company, Inc. v. Pioneer Supermarket of the Bronx | New York Southern District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 1:2018cv10976 | Adlife Marketing & Communications Company, Inc. v. Popsugar Inc. | New York Southern District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 5:2018cv01220 | Adlife Marketing & Communications Company, Inc. v. H-E-B, LP | Texas Western District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 1:2018cv03175 | Adlife Marketing & Communications Company, Inc. v. Wal-Mart.com USA, LLC | Colorado District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 5:2019cv00297 | Adlife Marketing & Communications Company, Inc. v. Popsugar Inc. | California Northern District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 1:2019cv00787 | Adlife Marketing & Communications Company, Inc. v. Greatist, Inc. | New York Southern District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 1:2019cv00235 | Adlife Marketing & Communications Company, Inc. v. Albertsons Companies, Inc. | Colorado District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 3:2019cv00026 | Adlife Marketing & Communications Company, Inc. v. Coborn's Incorporated | North Dakota District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 1:2019cv00972 | Adlife Marketing & Communications Company, Inc. v. Wakefern Food Corp. | New York Eastern District Court |
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. (pla) | 1:2019cv06344 | ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. v. MURPHY'S OF SOUTH JERSEY, INC. | New Jersey District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 1:2019cv03732 | Adlife Marketing & Communications Company, Inc. v. June Media Inc. | New York Southern District Court |

| Party Name | Case Number | Case Title | Court |
| --- | --- | --- | --- |
| Adlife Marketing & Communications Company, Inc. (pla) | 3:2019cv00513 | Adlife Marketing & Communications Company, Inc. v. Poplar Grove Pacemaker LLC | Illinois Southern District Court |
| Adlife Marketing and Communications Co. Inc. (pla) | 8:2019cv01053 | Adlife Marketing and Communications Co., Inc. v. Cash and Carry Enterprises LLC et al | California Central District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 1:2019cv00316 | Adlife Marketing & Communications Co., Inc. v. Associated Grocers, Inc. | Rhode Island District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 1:2019cv00886 | Adlife Marketing & Communications Co., Inc. v. Sander Brothers of New York, Inc. | New York Western District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 3:2019cv00800 | Adlife Marketing & Communications Co., Inc. v. Sweeney's Market Plaza, LLC | New York Northern District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 5:2019cv00796 | Adlife Marketing & Communications Company, Inc. v. Buckingham Brothers, LLC | New York Northern District Court |
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. (pla) | 2:2019cv00940 | ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. v. D'ONOFRIO'S, INC. | Pennsylvania Western District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 1:2019cv01248 | Adlife Marketing & Communications Company, Inc. v. C & K Market, Inc. | Oregon District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 1:2019cv07394 | Adlife Marketing & Communications Company, Inc. v. Acme Markets, Inc. | New York Southern District Court |
| ADLIFE MARKETING & COMMUNICATION COMPANY, INC (pla) | 3:2019cv00149 | ADLIFE MARKETING & COMMUNICATION COMPANY, INC v. MARKET BASKET OF JOHNSONTOWN, INC. | Pennsylvania Western District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 5:2019cv00405 | Adlife Marketing & Communications Company, Inc. v. Carlie C's Operation Center, Inc. | North Carolina Eastern District Court |
| Adlife Marketing & Communications Company, INC (pla) | 1:2019cv01638 | Adlife Marketing & Communications Compay, INC v. Karns Prime and Fancy Food LTD et al | Pennsylvania Middle District Court |
| Adlife Marketing & Communications Compay, INC (pla) | 1:2019cv01701 | Adlife Marketing & Communications Compay, INC v. AD Post Graphics | Pennsylvania Middle District Court |

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. (pla) | 1:2019cv00285 | ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. v. VALESKYS, INC. et al | Pennsylvania Western District C |
| Adlife Marketing & Communications Company, INC (pla) | 1:2019cv01828 | Adlife Marketing & Communications Company, INC v. Musser's, INC | Pennsylvania Middle District Cou |
| Adlife Marketing & Communications Co. Inc. (pla) | 1:2019cv00933 | Adlife Marketing & Communications Co. Inc. v. The Goodies Factory, Inc. et al | Michigan Western District Court |
| Adlife Marketing and Communications Co., Inc. (pla) | 8:2019cv02234 | Adlife Marketing and Communications Co., Inc. v. Sprouts Farmers Market, Inc. et al | California Central District Court |
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. (pla) | 2:2020cv00052 | ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. v. DIMARK ENTERPRISES, INC. | Pennsylvania Western District C |
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. (pla) | 2:2020cv00051 | ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. v. MI DI, INC. | Pennsylvania Western District C |
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. (pla) | 2:2020cv00053 | ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. v. NASER FOODS | Pennsylvania Western District C |
| Adlife Marketing & Communications Company, Inc. (pla) | 1:2020cv00137 | Adlife Marketing & Communications Company, Inc. v. Kroger Co, The | Colorado District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 3:2020cv00042 | Adlife Marketing & Communications Company, Inc. v. Meijer Stores Limited Partnership | Wisconsin Western District Cour |
| Adlife Marketing and Communications Co., Inc. (pla) | 5:2020cv00412 | Adlife Marketing and Communications Co., Inc. v. Stater Bros. Markets et al | California Central District Court |
| Adlife Marketing & Communications Co. Inc. (pla) | 1:2020cv01802 | Adlife Marketing & Communications Co. Inc. v. Gannett Co., Inc. et al | New York Southern District Cour |
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. (pla) | 5:2020cv01312 | ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. v. OREGON DAIRY, INC. | Pennsylvania Eastern District Co |
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. | 5:2020cv01311 | ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. | Pennsylvania Eastern District Co |

C-83

| Party Name | Case Number | Case Title | Court |
|---|---|---|---|
| (pla) | | | |
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. (pla) | | v. JOHN HERR'S VILLAGE MARKET, INC. | Pennsylvania Eastern District Co |
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. (pla) | 5:2020cv01313 | ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. v. YODER'S MEATS, INC. | Pennsylvania Eastern District Co |
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. (pla) | 5:2020cv01310 | ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC. v. MARTIN'S COUNTRY MARKETS, LLC | Pennsylvania Eastern District Co |
| ADLIFE MARKETING & COMMUNICATIONS CO. INC. (pla) | 2:2020cv00332 | ADLIFE MARKETING & COMMUNICATIONS CO. INC. v. VISTAMONT FARMS, LLC et al | Pennsylvania Western District C |
| Adlife Marketing & Communications Company, Inc. (pla) | 0:2020cv00779 | Adlife Marketing & Communications Company, Inc. v. Almsted Holdings, LLC et al | Minnesota District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 2:2020cv01711 | Adlife Marketing & Communications Company, Inc. v. Wal-mart.com USA, LLC | New York Eastern District Court |
| Adlife Marketing & Communications Company, Inc. (pla) | 4:2020cv01623 | Adlife Marketing & Communications Company, Inc. v. Food King Corporation | Texas Southern District Court |

**PACER Service Center**

| | |
|---|---|
| User | PaulAlanLevy |
| Client Code | |
| Description | All Court Types Party Search All Courts; Name Adlife Marketing; Role pla; All Courts; Date Filed 10/01/2016 to 10/30/2023; Jurisdiction CV; Page: 1; sort Date Filed, ASC |
| Billable Pages | 1 ($0.10) |

10/30/2023 14:17:11

*** Previously Billed ***

PACER FAQ    Privacy & Security    Contact Us

Levy Affirmation
Exhibit G

1   Max K. Archer, WSBA # 54081
Riverside Law Group, PLLC
2   905 W. Riverside Ave., Ste. 404
Spokane, WA 99201
3   mka@riverside-law.com
4   (509) 504-8714
*Attorney for Plaintiff*

5

6   Lauren Hausman, *pro hac vice*
CopyCat Legal PLLC
3111 N. University Drive, Suite 301
7   Coral Springs, FL 33065
lauren@copycatlegal.com
8   (877) 437-6228
*Attorney for Plaintiff*

9

10           IN THE UNITED STATES DISTRICT COURT

           FOR THE EASTERN DISTRICT OF WASHINGTON

11

12   PREPARED FOOD PHOTOS, INC. f/k/a   Civil Action No. 2:23-cv-00160-TOR
ADLIFE MARKETING &
13   COMMUNICATIONS CO., INC.,

14   Plaintiff,

15   v.                           **PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANT'S**
16   POOL WORLD, INC.,          **MOTION TO COMPEL**

17

18   Defendant.

19

20        Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc.

21   ("Plaintiff"), hereby files this memorandum in opposition to defendant Pool World, Inc.

22   ("Defendant") Motion to Compel (the "Motion") [D.E. 21].

23

24                     **INTRODUCTION**

25        The Motion begins with the absurd statement that "both sides agree" Plaintiff's prior

Case 6:24-cv-00351-RRS-DJA    Document 8-4    Filed 04/12/24    Page 77 of 98 PageID
#: 180
Case 2:23-cv-00160-TOR    ECF No. 24    filed 11/24/23    PageID.258    Page 2 of 11

efforts to protect its intellectual property (i.e., prior cease and desist and/or settlement agreements with wholly unrelated parties) is "central to the parties' dispute in this case."[1]  While Defendant and its counsel may believe such, Plaintiff does not and, more importantly, neither do the federal courts.  Defendant spends a significant amount of time explaining how the discovery it seeks will assist it in crafting a stronger summary judgment argument but swings wide of explaining the relevance to the claims or defenses herein.  Defendant essentially criticizes Plaintiff for protecting/enforcing its copyrights in a photographic library consisting of >18,000 photos, yet never explains how Plaintiff's efforts to do so is somehow relevant to a statute of limitations defense (the only actual affirmative defense raised by Defendant) or any other cognizable defense (whether pled or not).

Defendant's argument is the epitome of damned if you do and damned if you don't.  Defendant castigates Plaintiff for sending demand letters and/or settling acts of infringement, but does not answer this fundamental question: what is a copyright owner expected to do when faced with mass infringement of its work?  If a copyright owner pursues infringers, it is labeled a 'troll' by defense attorneys looking to broaden their practice.  If a copyright owner ignores the infringers, it is accused of abandoning its copyrights.  In any event, discovery is limited to that which is relevant to the claims and defenses at issue in this lawsuit – not to the whims and fancies of ambitious defense counsel.  Because the materials sought by the Motion are wholly irrelevant to this dispute and incredibly burdensome to parse through, the Motion should be denied.

## BACKGROUND

1.      Plaintiff is the creator and registered copyright owner of a photograph titled "ProduceVegetableGrilled002" (the "Work").  Plaintiff licenses the Work as part of a library of

---

[1]      See Motion, at p. 1.

Case 6:24-cv-00351-RRS-DJA    Document 8-4    Filed 04/12/24    Page 78 of 98 PageID
#: 181
Case 2:23-cv-00160-TOR    ECF No. 24    filed 11/24/23    PageID.259    Page 3 of 11

professional food photography (consisting of >18,000 photographs) to ad agencies, grocery stores, and other trade organizations.

2.    In this lawsuit, Plaintiff asserts a single claim for copyright infringement with respect to Defendant's alleged unauthorized publication/display of the Work on its website.

3.    In its Answer [D.E. 7], Defendant admits that it published the Work on its website but denies that it infringed on Plaintiff's copyright.  Defendant raises three affirmative defenses: (a) Plaintiff's claims are barred by the statute of limitations; (b) Plaintiff previously licensed its photographs through stock photo services at a significantly lower price; and (c) Defendant should be awarded its costs and reasonable attorney's fees.

## ARGUMENT

### I.    Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...." Fed. R. Civ. P. 26(b)(1). "In general, the Federal Rules of Civil Procedure permit relatively broad yet tailored and proportional discovery of relevant material." See Rugo v. Hardwick, No. 2:16-CV-00444-SMJ, 2017 U.S. Dist. LEXIS 93485, at *5 (E.D. Wash. June 16, 2017).  Discovery, however, "may not be used to conduct a fishing expedition in hopes that some fact supporting an allegation will be uncovered." Inst. for Wildlife Prot. v. Norton, 337 F. Supp. 2d 1223, 1226 (W.D. Wash. 2004).

### II.    Request for Production No. 6

Although the Motion spills much ink in lambasting Plaintiff for enforcing its copyrights and generally accusing Plaintiff of inequitable conduct, it spends very little time addressing the actual discovery requests at issue and their relevance to the actual claims/defenses at issue in this lawsuit.    Request For Production No. 6 seeks production of communications to alleged

infringers, other than initial demand letters, "that refer to the expense of litigation as a reason why the alleged infringer should pay any amount greater than $5000 to avoid infringement litigation." Here, the Motion contains a single reference to this request:

> The particular aspect of plaintiff's enforcement campaign at which Request to Produce 6 is directed has an especial bearing on plaintiff's failure to do equity – the use of direct references to how expensive it will be for the target of the demand to defend itself in court – in effect, suggests that Prepared Food Photos threatens to file strike suits in order to secure payments of thousands of dollars in nuisance payments, which courts strive to minimize.[2]

As a threshold matter, Defendant has not raised any 'failure to do equity' defense here – the only cognizable defense actually set forth is statute of limitations (as Defendant purportedly published the Work in 2010). Plaintiff's communications with *other* alleged infringers, with respect to those *other* alleged infringers' conduct, has no relevance to whether *Defendant* committed infringement or whether Plaintiff's claim is somehow time-barred.

This is especially true with respect to Request No. 6 as it seeks communications in which the "expense of litigation" is mentioned. That Plaintiff or its counsel may – in communications with *other* infringers – mention (as Mr. Levy does in his own affirmation)[3] the cost of litigating a claim for copyright infringement is irrelevant to whether *Defendant* committed copyright infringement or whether Plaintiff was aware/should have been aware of Defendant's infringement on an earlier date. Settlement communications with *other* infringers have no bearing on the claims/defenses asserted herein – while they may be pertinent to Mr. Levy's own political beliefs/blogging interests/professional aspirations, they have zero relevance to the core issues in this lawsuit.

---

[2]    See Motion, at pp. 8 – 9.
[3]    See D.E. 21-1, at ¶ 26.

4

Case 6:24-cv-00351-RRS-DJA    Document 8-4    Filed 04/12/24    Page 80 of 98 PageID
#: 183
Case 2:23-cv-00160-TOR    ECF No. 24    filed 11/24/23    PageID.261    Page 5 of 11

Request No. 6 is likewise unduly burdensome as it would require an individualized review of **all** communications with respect to thousands of alleged infringements over a multi-year period. For example, CopyCat Legal began representing Plaintiff in 2021. From the beginning of such representation, Plaintiff has identified approximately 1,800 different alleged infringers of its photographs. CopyCat Legal sent pre-suit demand letters to each of those alleged infringers, follow-up communications to the extent no response was received, and, if communication was initiated, engaged in multiple communications back and forth with such alleged infringers and/or their counsel. Request No. 6 ostensibly would require an individualized review of thousands (if not tens of thousands) of e-mails to determine whether any mention of litigation expenses was made. Dating back to at least 2017/2018, Plaintiff has been and continues to be represented by other law firms with respect to protecting its copyrights, and therefore this request would require a review of those files as well. Given the wholesale lack of relevance to any defense – asserted or otherwise – the Motion should be denied with respect to this request.

## III.    Interrogatories Nos. 12 and 14

Interrogatory Nos. 12 and 14 ask Plaintiff to identify any claims made for infringement of the Work or any other of Plaintiff's >18,000 photographs and to identify any revenue received by Plaintiff with respect to pursuit of infringement claims. As with Request for Production No. 6, these requests are irrelevant to the actual claims/defenses asserted in this lawsuit.

Revenue garnered from "threats and litigation over alleged copyright infringement" is not relevant. There is no correlation between revenue secured from infringement actions and if Plaintiff is entitled to "huge actual damages for lost license fees." In <u>Home Design Servs.</u>, a home designer sued numerous defendants for alleged copyright infringement. The defendants in that case "requested a ruling regarding the discoverability of information related to revenue

the plaintiff receives from litigation in other copyright cases throughout the country, including

amounts received from any verdicts, judgments, court decrees, and settlement agreements."

Home Design Servs. v. B&B Custom Homes, LLC, Civil Action No. 06-cv-00249-WYD-GJR,

2008 U.S. Dist. LEXIS 55980, at * 6 (D. Colo. May 30, 2008). The defendants argued that such

evidence was relevant to their affirmative defense of copyright misuse. The court in Home

Design Servs. analyzed the doctrine of copyright misuse and found that evidence of settlements

in other cases or percentage of revenue constituting settlements in infringement actions had *no*

*relevance* to the misuse doctrine:

> *The fact that the Plaintiff has been successful in protecting*
> *copyrighted designs and has generated revenue through*
> *litigation would not appear to pertain to the elements of the*
> *defense of copyright misuse.* The fact that the Plaintiff has
> litigated claims under the federal Copyright Act and has been
> successful in that litigation fact does not indicate to this Court that
> the Plaintiff has engaged in copyright misuse. The Defendants
> must establish that the Plaintiff extended its purported monopoly
> beyond the scope of the copyright. I find that litigation revenue of
> the Plaintiff in other cases around the country does not tend to
> show that the Plaintiff illegally extended its monopoly beyond the
> scope of the copyright laws. I find that the information sought by
> Defendants with regard to Plaintiff's litigation revenue from
> around the country is unlikely to lead to the discovery of
> admissible evidence regarding the Defendants' affirmative defense
> of copyright misuse, based on an extension of a purported
> monopoly.

> Nor does the fact that the Plaintiff has recovered more in litigation
> revenue than the cost of the plans tend to show that the Plaintiff
> has violated the public policy underlying copyright law.

> [...]

> *Even if revenue from litigation exceeds the cost of the plans,*
> *there is nothing in this fact that would tend to show that the*
> *Plaintiff has acted in violation of the public policies underlying*
> *copyright law. I find that litigation revenue is not reasonably*
> *calculated to lead to the discovery of information tending to*

> *show that the Plaintiff has violated the public policies underlying copyright law. I consequently find that the information sought by the Defendants with regard to the Plaintiff's litigation revenue from cases brought around the country is unlikely to lead to the discovery of admissible evidence in support of the Defendants' copyright misuse defense based on violation of public policy.*

Home Design Servs., 2008 U.S. Dist. LEXIS 55980, at *13–15. Defendant seeks the same material here, yet Defendant does not even assert a 'misuse' defense but rather a statute of limitations defense. Again, whether Plaintiff sent 1 demand letter or 10,000 demand letters is irrelevant to whether its infringement claim is time-barred. The same is true as to whether Plaintiff received $1.00 from infringement settlements or $10 million.

Previous communications with other parties regarding unrelated infringements have no relevance to whether Defendant committed infringement, to Plaintiff's damages, or to any defense recognized by courts in this Circuit. See, e.g. Evox Prods. LLC v. Yahoo Inc., No. 2:20-cv-02907-MEMF(JEMx), 2023 U.S. Dist. LEXIS 131581, at *7 (C.D. Cal. July 28, 2023) (granting motion in limine to exclude evidence of past copyright infringement enforcement actions and monies received from prior settlements as not relevant and unduly prejudicial); Unicolors, Inc. v. Urban Outfitters, Inc., 686 F. App'x 422, 424 (9th Cir. 2017) ("The district court did not abuse its discretion in excluding evidence of Unicolors's prior copyright infringement lawsuits, which Urban hoped to offer in support of an unclean hands defense.").

Defendant contends that production of prior demand letters would be helpful to prove its theory of what Plaintiff's main business is. But again, whether copyright enforcement accounts for .01% or 99% of Plaintiff's revenue stream is not relevant. As recognized in Malibu Media, LLC, "[i]t is certainly true that [the plaintiff] has filed a very large number of infringement suits in this district and in others. But that is what the holders of intellectual property rights do when

Case 6:24-cv-00351-RRS-DJA    Document 8-4    Filed 04/12/24    Page 83 of 98 PageID
#: 186
Case 2:23-cv-00160-TOR    ECF No. 24    filed 11/24/23    PageID.264    Page 8 of 11

they are faced with mass infringement." <u>Malibu Media, LLC v. Doe</u>, No. 13 C 3648, 2014 U.S. Dist. LEXIS 77929, at *6 (N.D. Ill. June 9, 2014). Indeed, it is unequivocally recognized that "Plaintiff is entitled to protect its copyrighted works." <u>Victor Elias Photography, LLC v. ICE Portal, Inc.</u>, No. 19-CV-62173-SMITH/VALLE, 2023 U.S. Dist. LEXIS 34054, at *15 (S.D. Fla. Mar. 1, 2023); <u>See Luken v. Int'l Yacht Council, Ltd.</u>, 581 F. Supp. 2d 1226, 1245 (S.D. Fla. 2008) ("It goes without saying that protection of one's copyright constitutes a permissible motivation in filing a copyright infringement case….").

## IV.    Statute of Limitations

Defendant attempts to justify its request for prior settlement demands/communications by prognosticating about Defendant's anticipated motion for summary judgment on statute of limitations grounds. Here, Defendant asserts Plaintiff's copyright infringement claim is time barred because either (1) Plaintiff as a "seasoned litigator" should have known about the infringement sooner, or (2) "Plaintiff has not done equity and hence should not be allowed to invoke the discovery rule as an equitable exception to the statute of limitations."

Defendant appears to elect ignorant bliss to what the law says. Defendant cannot point to one cognizable connection between the discovery it is seeking and the discovery rule. Defendant has made a blanket statement that as a seasoned litigator, Plaintiff should have known about the infringement sooner, but has failed to provide a lick of substantive support. "Copyright owners do not have a general duty to police their copyrights." <u>PK Music Performance, Inc.</u>, 2018 U.S. Dist. LEXIS 169652, at *23 (S.D.N.Y. Sep. 30, 2018). In <u>PK Music Performance, Inc.</u>, the defendant sought dismissal of a copyright infringement claim on the basis that the plaintiff should have discovered its alleged infringement no later than 2007 – yet the plaintiff alleged it did not discover such until 2015 (some 8 years later). Notably, <u>PK Music Performance, Inc.</u> is

Case 6:24-cv-00351-RRS-DJA    Document 8-4    Filed 04/12/24    Page 84 of 98 PageID
#: 187
Case 2:23-cv-00160-TOR    ECF No. 24    filed 11/24/23    PageID.265    Page 9 of 11

not an anomaly – every court to consider the issue has held that a copyright owner is not required to scour the internet/search for potential infringements of his/her work.[4] Other than brandishing Plaintiff as a "seasoned litigator," Defendant does not provide a *single* reason as to why Plaintiff should have discovered the infringement before it did or how the discovery at issue is pertinent to any of its raised defenses.

Defendant seemingly posits that a "seasoned" litigator should be barred from invoking the discovery rule because the rule is an equitable exception to the statute of limitations, and equity is properly denied to a party that has itself not done equity is an untenable application of the discovery rule. Defendant, of course, does not cite any legal authority for its absurd interpretation of the principles it espouses. The discovery rule is *not an equitable exception* to the statute of limitations. Rather, the discovery rule is the *universal* method by which accrual of a copyright infringement claim is interpreted by courts across the country. See, e.g. Starz Ent., LLC v. MGM Domestic TV Distribution, LLC, 39 F.4th 1236, 1237-38 (9th Cir. 2022) ("[B]ecause Petrella noted, but did not pass upon, the discovery rule, any language in that opinion discussing relief beyond that window is dicta and did not affect the viability of the discovery rule. *Because we agree with the district court that the discovery rule of accrual of copyright claims is alive and well, we affirm.*") (emphasis added); Graper v. Mid-Continent Cas. Co., 756 F.3d 388, 393 & n.5 (5th Cir. 2014) ("A claim accrues once the plaintiff knows or has reason to know of the injury upon which the claim is based.").[5]

---

[4]      See e.g., Hirsch v. Rehs Galleries, Inc., No. 18-CV-11864 (VSB), 2020 U.S. Dist. LEXIS 32926, at *3 (S.D.N.Y. Feb. 26, 2020) (denying motion to dismiss photographer's copyright infringement claim on asserted basis that photographer 'should have' discovered the infringement earlier); Minden Pictures, Inc. v. Conversation Prints, LLC, No. 20-12542, 2022 U.S. Dist. LEXIS 179602, at *9 (E.D. Mich. Sep. 30, 2022) ("Copyright holders do not have a general duty to scour or police the internet to determine if their work has been infringed. The discovery rule has been met by Plaintiff since it discovered the infringement in 2019.").

[5]      See also Stross v. Hearst Communs., Inc., No. SA-18-CV-01039-JKP, 2020 U.S. Dist. LEXIS 161293, at *21 – 22 (W.D. Tex. Sept. 3, 2020) (distinguishing Petrella and applying discovery rule to determine accrual of copyright infringement claim); Edwards v. Take Fo' Records, Inc., No. 19-12130, 2020 U.S. Dist. LEXIS 119246,

1    Defendant is certainly entitled to discovery into when/how Plaintiff discovered

2  Defendant's alleged infringement of the Work or whether any 'storm warnings' should have led

3  to an earlier discovery of such infringement.  See , e.g. Design Basics, LLC v. Chelsea Lumber

4  Co., 977 F. Supp. 2d 714, 725 (E.D. Mich. 2013) ("The Court… rejects Defendants' argument

5  that Plaintiff was under a continuous duty to police its copyright and concludes that Defendants

6  have not pointed to evidence of any storm warnings that would reasonably have put Plaintiff on

7  inquiry notice of the claimed infringement more than three years prior to filing suit.").

8  Defendant, however, is not entitled to broad discovery into Plaintiff's prior, unrelated efforts to

9  enforce/protect its copyrights to satisfy the whims of its counsel.  The discovery requests at issue

10  are not relevant to any claim or recognized defense at issue and frankly seek to transform an

11  otherwise simple/straightforward infringement claim into a veritable witch hunt.

12

13                            **CONCLUSION**

14    For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order:

15  (a) denying the Motion; (b) awarding Plaintiff its reasonable fees and expenses incurred in

16  opposing the Motion pursuant to Fed. R. Civ. P. 37(a)(5)(B); and (c) for such further relief as

17  the Court deems proper.

18

19  Dated: November 24, 2023.                    Max K. Archer, WSBA # 54081
                                                 Riverside Law Group, PLLC
20                                               905 W. Riverside Ave., Ste. 404

21  at *41 n.16 (E.D. La. July 8, 2020) ("The Fifth Circuit applies the discovery rule to copyright infringement claims,
    notwithstanding the Supreme Court's express reservation of whether the discovery or injury rule applies to such
22  claims."); Jordan v. Sony BMG Music Entm't Inc., 354 F. App'x 942, 945 (5th Cir. 2009) ("In this Circuit a
    copyright claim accrues when [the party] knew or had reason to know of the injury upon which the claim is based.");
23  D'Pergo Custom Guitars, Inc. v. Sweetwater Sound, Inc., 516 F. Supp. 3d 121, 132 (D.N.H. 2021) ("Most courts—
    including the First Circuit—use the discovery rule rather than the injury rule for purposes of § 507(b).") (citing
24  Warren Freedenfeld Assocs. v. McTigue, 531 F.3d 38, 44 (1st Cir. 2008)); Chelko v. Does JF Rest., LLC, No. 3:18-
    CV-00536-GCM, 2019 U.S. Dist. LEXIS 121590, at *5 (W.D.N.C. July 22, 2019) ("In the Fourth Circuit, a claim
25  accrues when a copyright holder 'has knowledge of a violation or is chargeable with such knowledge,' an approach
    known as the discovery rule.") (quoting Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 796 (4th Cir.
    2001)).

1
2

Spokane, WA 99201
mka@riverside-law.com
(509) 504-8714
*Attorney for Plaintiff*

3
4

Lauren Hausman, *pro hac vice*
CopyCat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
lauren@copycatlegal.com
(877) 437-6228
*Attorney for Plaintiff*

5
6
7
8

By: /s/ Lauren M. Hausman
Lauren M. Hausman Esq.

9
10

## CERTIFICATE OF SERVICE

11

I hereby certify that on November 24, 2023, I served the foregoing document via e-mail

12

to: Paul Levy, Esq. (plevy@citizen.org) and Stephen Kirby, Esq. (kirby@kirbylawoffice.com).

13
14

/s/ Lauren M. Hausman
Lauren M. Hausman Esq.

15
16
17
18
19
20
21
22
23
24
25

Levy Affirmation
Exhibit H



CopyCat Legal PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065

T 877-HERO-CAT (877-437-6228)
E meghan@copycatlegal.com

FRE 408 SETTLEMENT COMMUNICATION

March 18, 2024

**VIA FEDERAL EXPRESS AND ELECTRONIC MAIL** (tanglewood@maine.rr.com)

Inn at Tanglewood Hall
Attn: Susan Wetzel and Andy Wetzel
611 York Street
York, ME 03909

*RE:*    *Prepared Food Photos, Inc. v. Inn at Tanglewood Hall*

Dear Ms. And Mr. Wetzel:

        This law firm represents Prepared Food Photos, Inc. Our client is in the business of licensing high-end, professional photographs for the food industry. Through its website (www.preparedfoodphotos.com), our client offers a monthly subscription service which provides access to/license of tens of thousands of professional images. The rights associated with these images are exclusively owned by our client, and it has spent countless hours and substantial monies in building a business that relies on such exclusive subscription service. The unauthorized use of our client's work deprives it of much-needed income and forces our client to incur substantial costs (monetary and time) in identifying violators and enforcing its rights.

        In 1998, our client created a photograph titled "Lobster017" (the "Work"). A copy of the Work is exhibited below:



The Work was registered by our client with the Register of Copyrights on October 31 2016 and was assigned Registration No. VA 2-020-970. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

To our knowledge, our client *did not* authorize you or your company to use and/or display the foregoing photograph(s). Notwithstanding this lack of authorization, our client has identified the subject photograph(s) appearing on the following URL: https://tanglewoodhall.com/activities



A true and correct copy of screenshot(s) of the website, webpage, and/or social media page, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

If our client is mistaken or if you believe the photograph(s) was previously licensed through our client or some other party, please contact us immediately with evidence of the prior licensing. If we do not hear from you *within fourteen (14) days from the date of this letter*, we will be forced to assume that the photograph(s) was *not* properly licensed and will take appropriate legal action to enforce our client's rights.

If the above-described use of our client's photograph(s) was not properly licensed, please understand that such unauthorized use may constitute federal copyright infringement under 17 U.S.C. § 501. In such event, I encourage you to discuss the foregoing with your attorney and/or your insurance carrier as copyright infringement is a serious matter that potentially exposes you to substantial damages and other costs (such as retaining counsel to defend the lawsuit) if we are forced to file a lawsuit on behalf of our client.

Courts have not hesitated (where appropriate) to impose substantial damages against copyright infringers of Prepared Food Photos' intellectual property. The below courts have each accepted Prepared Food Photos' minimum $11,988.00/year licensing fee as a measuring stick for actual damages in awarding substantial damages based on the total number of years of infringement. See, e.g. Prepared Food Photos, Inc. v. 193 Corp., No. 1:22-cv-03832, 2022 U.S. Dist. LEXIS 205690 (N.D. Ill. Sep. 21, 2022) (awarding *$35,964.00* in actual damages, representing the $11,988.00 annual license fee for a 3-year use of a single photograph); Prepared Food Photos, Inc. v. Miami Beach 411 Corp., No. 22-23197-CIV-ALTONAGA/Damian, 2022 U.S. Dist. LEXIS 216003 (S.D. Fla. Nov. 28, 2022) (awarding *$35,964.00* in actual damages, representing the $11,988.00 annual license fee for a 3-year use of a single photograph); Prepared Food Photos, Inc. v. Chi.-Mkt.-Distrib., Inc., Civil Action No. 1:22-cv-03299-CNS-MEH, 2023 U.S. Dist. LEXIS 88407, at *2 (D. Colo. May 19, 2023) (awarding *$35,964.00* in actual damages, representing the $11,988.00 annual license fee for a 3-year use of a single photograph).

Please keep in mind both that the facts of these cases may be different than those here (thus militating in favor of a higher or lower award here) and that the above amounts do not account for taxable costs which are also recoverable under the Copyright Act. You should consult with an attorney to review the facts of *this* case, whether you have any defenses to the claims that Prepared Food Photos may bring, and what risk you may have in ignoring this letter.

Please note that Section 504 of the Copyright Act provides for the recovery of actual damages plus "any additional profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." Of course, if forced to litigate this matter, we will fully explore the damages issue.

While this is a serious matter, it is not particularly complex. The subject photograph(s) was either properly licensed or it was not. If it was, you should notify us immediately of such licensing so that we may inform our client of such. If it was not properly licensed, then the utilization of our client's work(s) without proper authorization constitutes copyright infringement. In that case, we will either resolve this issue in court (allowing a court to decide the matter) or privately between the parties. If the subject use was not authorized, our client hereby makes the following demand:

> *You shall pay Thirty Thousand Dollars ($30,000.00) within twenty-one (21) days of the date first written above and shall immediately cease and desist from any further use of our client's work(s).*

Please contact us within the above-stated period to either provide evidence of licensing or to discuss resolution of this matter. If confirmation of a license or payment is received as described above, we will forego the filing of a lawsuit. Otherwise, please be aware that our client does not shy away from enforcing its rights in court. It has done so many times before and (as demonstrated above) secured awards commensurate with the above examples.

Using the above cases as a guide, please keep in mind that our client exclusively operates on a subscription basis. This means that access to one (1) photograph costs the same as access to

the entire library of photographs. Our client makes its library available for a minimum of $999.00 per month (https://www.preparedfoodphotos.com/stock-photo-subscription/) (with the price ultimately depending on the number of 'end-users' a subscriber caters to) with a minimum subscription of twelve (12) months https://www.preparedfoodphotos.com/wp-content/uploads/PFP-Terms-of-Use-3-2023.pdf. Thus, irrespective of how long you utilized the subject photograph, the *minimum* license fee that would have been owed is $11,988.00 ($999.00 x 12 months).

You should provide a copy of this letter to your general liability insurance carrier (if one exists), notify them of our client's demand, disclose the identity of such insurer to us, and provide a copy of the subject insurance policy to us. If you believe we are mistaken as to the allegations of copyright infringement made herein, then we encourage you to provide us with copies of any license or other evidence supporting your authorized use of the subject work(s).

This letter further constitutes a demand that you immediately suspend any document destruction policy and preserve any and all documents (such as e-mails, text messages, social media pages/postings, copies of the work(s) at issue, etc.) that may be relevant to the claims or defenses in a forthcoming lawsuit. Please be aware that a federal court may impose significant sanctions if you fail to preserve relevant documents upon reasonable anticipation of litigation.

Finally, while removing the unlicensed photograph(s) from display is required, please understand that *removal alone is insufficient to end this matter*. If your use of the subject photograph is unauthorized and you do not contact us to discuss payment for your existing/past use of the photograph(s), a lawsuit *will* be filed and our client *will* pursue the above-described damages against you.

You should give this matter your immediate attention.

Very truly yours,

Meghan Medacier, Esq.
For the Firm

Encl.



# CopyCat
### LEGAL

CopyCat Legal PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065

T 877.HI.DUI.A A 1.877.117.4.22M
E danny@copycatlegal.com

FIRE 408 SETTLEMENT COMMUNICATION

February 9, 2024

VIA FEDERAL EXPRESS AND ELECTRONIC MAIL.
(john.langlois@doggsbottomwebsign.com; john.langlois@doggsbottomwebsign.com)

Foggy Bottom Farms
Attn: John and Marsha Langlois
4816 County Road 27
Eastliffen, AL 35745

RE:    *Prepared Food Photos, Inc. v. Foggy Bottom Farms*

Dear Mr. and Mrs. Langlois:

This law firm represents Prepared Food Photos, Inc. Our client is in the business of licensing high-end, professional photographs for the food industry. Through its website (www.preparedfoodphotos.com) our client offers a monthly subscription service which provides access otherwise of tens of thousands of professional images. The rights associated with these images are exclusively owned by our client, and it has spent countless hours and substantial monies in building a business that relies on such exclusive subscription service. The unauthorized use of our client's work deprives it of much-needed income and forces our client to incur substantial costs (monetary and time) in identifying violators and enforcing its rights.

In 2001, our client created a photograph titled "ProduceVegetableAssf012" (the "Work"). A copy of the Work is exhibited below:

*immediately cease and desist from any further use of our client's work(s).*

Please contact us within the above-stated period to either provide evidence of licensing or to discuss resolution of this matter. If confirmation of a license or payment is received as described above, we will forego the filing of a lawsuit. Otherwise, please be aware that our client does not take any joy from enforcing its rights in court. It has done so many times before and has demonstrated above) secured awards commensurate with the above examples.

Using the above cases as a guide, please keep in mind that our client exclusively operates on a subscription basis. This means that access to one (1) photograph costs the same as access to the entire library of photographs. Our client makes its library available for a minimum of $999.00 per month (https://www.preparedfoodphotos.com/stock/photo-subscription/) (with the price ultimately depending on the number of "end-users" a subscriber caters to) with a minimum subscription of twelve (12) months. https://www.preparedfoodphotos.com/wp-content/uploads/PFP-License-01-Dec-3-2023.pdf. Thus, irrespective of how long you utilized the subject photograph, the *minimum* license fee that would have been owed is $11,988.00 ($999.00 x 12 months).

You should provide a copy of this letter to your general liability insurance carrier (if one exists), notify them of our client's demand, disclose the identity of such insurer to us, and provide a copy of the subject insurance policy to us. If you believe we are mistaken as to the allegations of copyright infringement made herein, then we encourage you to provide us with copies of any license or other evidence supporting your authorized use of the subject work(s).

This letter further constitutes a demand that you immediately suspend any document destruction policy and preserve any and all documents (such as e-mails, text messages, social media pages/postings, copies of invoices for the work(s) at issue, etc.) that may be relevant to the claims or defenses in a forthcoming lawsuit. Please be aware that a federal court may impose significant sanctions if you fail to preserve relevant documents upon reasonable anticipation of litigation.

Finally, while removing the unlicensed photograph(s) from display is required, please understand that *removal alone is insufficient to end this matter*. If your use of the subject photograph is unauthorized and you do not contact us to discuss payment for your existing/past use of the photograph(s), a lawsuit *will* be filed and our client *will* pursue the above-described damages against you.

You should give this matter your immediate attention.

Very truly yours,

Daniel DeSouza, Esq.
For the Firm

4 | Page

The Work was registered by our client with the Register of Copyrights on September 29, 2016 and was assigned Registration No. VA 2-019-412. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **Exhibit "A"**.

To our knowledge, our client *did not* authorize you or your company to use and/or display the foregoing photograph(s). Notwithstanding this lack of authorization, our client has identified the subject photograph(s) appearing on the following URL:
https://forgthemfirm.com/buying-basel-health-foods/





Julian Humes    PLS, CDN

A true and correct copy of screenshot(s) of the website, webpage, and/or social media page displaying the copyrighted Work is attached hereto as **Exhibit "B"**.

If our client is mistaken or if you believe the photograph(s) was previously licensed through our client or some other party, please contact us immediately with evidence of the prior licensing. If we do not hear from you *within fourteen (14) days from the date of this letter*, we

2 | Page

will be forced to assume that the photograph(s) was *not* properly licensed and will take appropriate legal action to enforce our client's rights.

If the above-described use of our client's photograph(s) was not properly licensed, please understand that such unauthorized use may constitute federal copyright infringement under 17 U.S.C. § 501. In such event, I encourage you to discuss the foregoing with your attorney and/or your insurance carrier as copyright infringement is a serious matter that potentially exposes you to substantial damages and other costs (such as retaining counsel to defend the lawsuit) if we are forced to file a lawsuit on behalf of our client.

Courts have not hesitated (where appropriate) to impose substantial damages against copyright infringers of Prepared Food Photos' intellectual property. The below courts have each accepted Prepared Food Photos' minimum $11,988.00/year licensing fee as a measuring stick for actual damages in avoiding substantial damages based on the total number of years of infringement. *See, e.g. Prepared Food Photos, Inc. v. 1953 Corp.*, No. 1:22-cv-03832, 2022 U.S. Dist. LEXIS 205690 (N.D. Ill. Sep. 24, 2022) (awarding *$35,964.00* in actual damages, representing the $11,988.00 annual license fee for a 3-year use of a single photograph); *Prepared Food Photos, Inc. v. Miami Beach 411 Corp.*, No. 22-23197-CIV-ALTONAGA/Damian, 2022 U.S. Dist. LEXIS 216003 (S.D. Fla. Nov. 28, 2022) (awarding *$35,964.00* in actual damages, representing the $11,988.00 annual license fee for a 3-year use of a single photograph); *Prepared Food Photos, Inc. v. Chi-Nile-Djboth, Inc.*, Civil Action No. 1:22-cv-03299-CNS-MEH, 2023 U.S. Dist. LEXIS 88407, at *2 (D. Colo. May 19, 2023) (awarding *$35,964.00* in actual damages, representing the $11,988.00 annual license fee for a 3-year use of a single photograph).

Please keep in mind both that the facts of these cases may be different than those here (thus militating in favor of a higher or lower award here) and that the above amounts do not account for taxable costs which are also recoverable under the Copyright Act. You should consult with an attorney to review the facts of *this* case, whether your have any defenses to the claims that Prepared Food Photos may bring, and what risk you may have in ignoring this letter.

Please note that Section 504 of the Copyright Act provides for the recovery of actual damages, plus "any additional profits of the infringer that are attributable to the infringement and not taken into account in computing the actual damages." Of course, if forced to litigate this matter, we will fully explore the damages issue.

While this is a serious matter, it is not particularly complex. The subject photograph(s) was either properly licensed or it was not. If it was, you should notify us immediately of such licensing so that we may inform our client of such. If it was not properly licensed, then the utilization of our client's work(s) without proper authorization constitutes copyright infringement. In that case, we will either resolve this issue in court (allowing a court to decide the matter) or privately between the parties. If the subject use was not authorized, our client hereby makes the following demand:

*You shall pay Thirty Thousand Dollars ($30,000.00) within twenty-one (21) days of the date first written above and shall*

3 | Page

Levy Affirmation
Exhibit I



# chickenkingla.com

Updated 1 second ago ↻

## Domain Information

| | |
|---|---|
| Domain: | chickenkingla.com |
| Registrar: | Tucows Domains Inc. |
| Registered On: | 2015-11-09 |
| Expires On: | 2024-11-09 |
| Updated On: | 2023-08-15 |
| Status: | ok |
| Name Servers: | ns1.att-websites.com |
| | ns2.att-websites.com |

## Registrant Contact

| | |
|---|---|
| Name: | Contact Privacy Inc. Customer 0166663213 |
| Organization: | Contact Privacy Inc. Customer 0166663213 |
| Street: | 96 Mowat Ave |
| City: | Toronto |
| State: | ON |
| Postal Code: | M6K 3M1 |
| Country: | CA |
| Phone: | +1.4165385457 |
| Email: | chickenkingla.com@contactprivacy.com |

## Administrative Contact

Name:           Contact Privacy Inc. Customer 0166663213

Organization:   Contact Privacy Inc. Customer 0166663213

Street:         96 Mowat Ave

City:           Toronto

State:          ON

Postal Code:    M6K 3M1

Country:        CA

Phone:          +1.4165385457

Email:          **chickenkingla.com**@contactprivacy.com

## Technical Contact

Name:           Contact Privacy Inc. Customer 0166663213

Organization:   Contact Privacy Inc. Customer 0166663213

Street:         96 Mowat Ave

City:           Toronto

State:          ON

Postal Code:    M6K 3M1

Country:        CA

Phone:          +1.4165385457

Email:          **chickenkingla.com**@contactprivacy.com

## Raw Whois Data

```
Domain Name: CHICKENKINGLA.COM
Registry Domain ID: 1977551006_DOMAIN_COM-VRSN
```

Registrar WHOIS Server: whois.tucows.com
Registrar URL: http://tucowsdomains.com
Updated Date: 2023-08-15T17:40:32
Creation Date: 2015-11-09T15:34:46
Registrar Registration Expiration Date: 2024-11-09T15:34:46
Registrar: TUCOWS, INC.
Registrar IANA ID: 69
Reseller: Digital Space
Domain Status: ok https://icann.org/epp#ok
Registry Registrant ID:
Registrant Name: Contact Privacy Inc. Customer 0166663213
Registrant Organization: Contact Privacy Inc. Customer 0166663213
Registrant Street: 96 Mowat Ave
Registrant City: Toronto
Registrant State/Province: ON
Registrant Postal Code: M6K 3M1
Registrant Country: CA
Registrant Phone: +1.4165385457
Registrant Phone Ext:
Registrant Fax:
Registrant Fax Ext:
Registrant Email: chickenkingla.con@contactprivacy.com
Registry Admin ID:
Admin Name: Contact Privacy Inc. Customer 0166663213
Admin Organization: Contact Privacy Inc. Customer 0166663213
Admin Street: 96 Mowat Ave
Admin City: Toronto
Admin State/Province: ON
Admin Postal Code: M6K 3M1
Admin Country: CA
Admin Phone: +1.4165385457
Admin Phone Ext:
Admin Fax:
Admin Fax Ext:
Admin Email: chickenkingla.con@contactprivacy.com
Registry Tech ID:
Tech Name: Contact Privacy Inc. Customer 0166663213
Tech Organization: Contact Privacy Inc. Customer 0166663213
Tech Street: 96 Mowat Ave
Tech City: Toronto
Tech State/Province: ON
Tech Postal Code: M6K 3M1
Tech Country: CA
Tech Phone: +1.4165385457
Tech Phone Ext:

Tech Fax:
Tech Fax Ext:
Tech Email: **chickenkingla.com**@contactprivacy.com
Name Server: ns1.att-websites.com
Name Server: ns2.att-websites.com
DNSSEC: unsigned
Registrar Abuse Contact Email: **domainabuse**@tucows.com
Registrar Abuse Contact Phone: +1.4165350123
URL of the ICANN WHOIS Data Problem Reporting System: https://icann.org/wicf
>>> Last update of WHOIS database: 2024-04-11T21:52:56Z <<<

"For more information on Whois status codes, please visit https://icann.org/epp"

Registration Service Provider:
    Digital Space, **support**@digitalspace.net
    +1.8887400502
    https://www.digitalspace.net/
    This company may be contacted for domain login/passwords,
    DNS/Nameserver changes, and general domain support questions.

The Data in the Tucows Registrar WHOIS database is provided to you by Tucows
for information purposes only, and may be used to assist you in obtaining
information about or related to a domain name's registration record.

Tucows makes this information available "as is," and does not guarantee its
accuracy.

By submitting a WHOIS query, you agree that you will use this data only for
lawful purposes and that, under no circumstances will you use this data to:
a) allow, enable, or otherwise support the transmission by e-mail,
telephone, or facsimile of mass, unsolicited, commercial advertising or
solicitations to entities other than the data recipient's own existing
customers; or (b) enable high volume, automated, electronic processes that
send queries or data to the systems of any Registry Operator or
ICANN-Accredited registrar, except as reasonably necessary to register
domain names or modify existing registrations.

The compilation, repackaging, dissemination or other use of this Data is
expressly prohibited without the prior written consent of Tucows.

Tucows reserves the right to terminate your access to the Tucows WHOIS
database in its sole discretion, including without limitation, for excessive
querying of the WHOIS database or for failure to otherwise abide by this
policy.