**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

Case No. 6:24-cv-00351-RRS-DJA

PREPARED FOOD PHOTOS, INC.,
f/k/a ADLIFE MARKETING & COMMUNICATIONS CO., INC.,

    Plaintiff,

v.

CLYDE'S CHICKEN KING, INC. d/b/a CHICKEN KING,

    Defendant.

---

## <u>DECLARATION OF REBECCA JONES</u>

Rebecca Jones does hereby declare pursuant to 28 U.S.C. § 1746:

1.    I am over the age of 18 and otherwise competent to testify. I make the following statements based on personal knowledge.

2.    I am the Secretary of plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("<u>Plaintiff</u>").

3.    Plaintiff is in the business of licensing high-end, professional photographs for its customers. Importantly, Plaintiff is the sole content provider to its sister company, Bad-Adz Digital, and its customers rely on Plaintiff's photographic library in creating their own grocery ads/other advertisements.

4.    Plaintiff's library of photographs was created over a 15 – 20-year period of time (with new creative works being made through the present date).

5.    Plaintiff has employed professional staff photographers and likewise utilizes other professional photographers (on a work-for-hire basis), all of which specialize in high-end product/food photography. All of these photographers are provided specific instructions with

respect to Plaintiff's vision/overall composition requirements – namely, that food/product photography should result in images/meals accessible to the general public that an average family could prepare for a meal. For any image, Plaintiff's photographers spend hours using specialized lighting/equipment and take dozens (if not hundreds) of images before identifying 1-2 for inclusion in Plaintiff's library. For any given photograph, Plaintiff has additional costs associated with post-processing the image using specialized editing software such as Adobe Photoshop, Adobe Lightroom, and/or other programs so that the desired end-look of the photograph can be achieved, for their proper use in print or digital media advertising.

6.      When Plaintiff's staff discovers an existing (i.e., published and available for viewing on the internet) infringement of one of its photographs, Plaintiff creates an infringement notice on the date of discovery or within 1 – 2 days thereafter. The infringement notice identifies the date of discovery, displays the subject photograph, and displays a screenshot of the infringer's alleged use together with a website URL (if available) where the infringement is located.

7.      Plaintiff's primary business is the creation of new photo/video content and licensing such content to supermarkets, ad agencies, etc. To ensure that Plaintiff's valuable intellectual property is not being misappropriated (which necessarily lowers the value thereof), Plaintiff employs a full-time paralegal and other staff that each (when time permits) perform reverse-image searches using Google Images (https://www.google.com/imghp?hl=en) and review grocery store electronic/print ads to determine whether Plaintiff's images are being misused.

8.      Plaintiff's staff generally searches using a rotating sub-set of photographs that may be illegally/improperly published by non-licensees. Given the volume of Plaintiff's library, Plaintiff was reasonably unable to discover Defendant's improper use of the Work prior to January 2021.

9. Through the reverse-image search process described above, Plaintiff first discovered defendant Clyde Chicken King, Inc.'s ("Defendant") unauthorized use of the photograph at issue in this lawsuit (the "Work") in approximately June 2019.

10. At the time of Plaintiff's discovery, Plaintiff generated two (2) 'infringement notices' showing a screenshot of the use and the website URL on which the infringement was found.

11. As demonstrated in that infringement notices, the website URLs on which the Work was found were: http://chickenkingla.com and http://chickenkingla.com/products.html.

12. Following Plaintiff's initial discovery of the alleged infringement, Plaintiff sent Defendant written demand letters notifying Defendant of the infringement and seeking payment of certain monies to settle Plaintiff's claim for copyright infringement.

13. Defendant ignored/did not respond to Plaintiff's 2019 demand letters.

14. In March 2021, Plaintiff discovered that Defendant was displaying/utilizing the Work on a different website URL, this time at http://chickenkingla.com/contact.html.

15. As a result, Plaintiff generated a new demand letter that was sent to Defendant which likewise notified Defendant of its infringement and sought payment of certain monies to settle Plaintiff's claim for copyright infringement.

16. At the time Plaintiff generated the above-referenced infringement notices and continuing through the filing of Plaintiff's voluntary dismissal in this action, Plaintiff was under the belief that each URL on which one of its copyrighted works was published constituted a *new* infringement for purposes of the statute of limitations.

17. In other words, Plaintiff believed that it had three (3) years from its March 2021 discovery of the Work on http://chickenkingla.com/contact.html to file a lawsuit for infringement.

18.    Defendant did not respond to/ignored Plaintiff's 2021 letter, just as it did the 2019 letters.

19.    In November 2022, Plaintiff requested that its outside counsel (CopyCat Legal PLLC) send another pre-suit demand letter to Defendant in hopes that a letter from a law firm would not be ignored.

20.    As a result, on November 10, 2022, CopyCat Legal PLLC sent a pre-suit demand letter to Defendant via both Federal Express and e-mail.

21.    Given Defendant's refusal to communicate with Plaintiff/its counsel, the fact that Plaintiff believed the statute of limitations on its claim expired in March 2024, and the fact that Defendant refused to remove the Work from its website, Plaintiff was left with little choice but to pursue this lawsuit to effectuate Defendant's removal of such from its website.

22.    Defendant speculates in its Motion that Plaintiff's motive in filing this lawsuit is "taking advantage of the lack of sophistication of the small businesses that it targets."  This is grossly inaccurate.

23.    In filing this lawsuit and others, Plaintiff is motivated by the need to protect its intellectual property for the benefit of its paying customers and to prevent infringers (such as Defendant) from claiming that Plaintiff has somehow waived its rights by not pursuing infringers. This is especially true where infringers (such as Defendant) refuse to remove Plaintiff's intellectual property from their websites/social media notwithstanding multiple demands for such.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: _6/4/2024_____.


Rebecca Jones
ID KqwQ4bcYb1rAMubWm5veBLZm
_____
Rebecca Jones

## eSignature Details

---

| | |
|---|---|
| **Signer ID:** | **KqwQ4bcYb1rAMubWm5veBLZm** |
| Signed by: | Rebecca Jones |
| Sent to email: | rebecca@preparedfoodphotos.com |
| IP Address: | 108.34.212.142 |
| Signed at: | Jun 4 2024, 3:52 pm PDT |