UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**PREPARED FOOD PHOTOS INC**  CASE NO.  6:24-CV-00351

**VERSUS**  JUDGE ROBERT R. SUMMERHAYS

**CLYDES CHICKEN KING INC**  MAGISTRATE JUDGE DAVID J. AYO

MEMORANDUM RULING AND ORDER

Presently before the Court is Defendant's Application for Attorney Fees and Costs [ECF 15]. Plaintiff opposes the Application.

The present case was initiated on March 8, 2024 by Prepared Food Photos Inc ("Plaintiff") against Clyde's Chicken King, Inc, d/b/a Chicken King ("Defendant") alleging copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501. Plaintiff alleged that Defendant improperly used a copyrighted image of a basket of fried chicken on its website. The Complaint was served on Defendant on March 23, 2024 and on April 12, 2024, Defendant filed a Motion to Dismiss or, in the Alternative, for Summary Judgment[1] seeking dismissal of the case as it was untimely. On May 1, 2024, the parties filed a Stipulation of Dismissal[2] and on May 1, 2024, the case was dismissed.[3] Other than the current dispute over attorney fees, the case was pending for less than sixty days.

Defendant seeks attorney fees and costs in the amount of $36,320 as the prevailing party. The Copyright Act of 1976 provides that "the court may . . . award a reasonable attorney's fee to the prevailing party as part of the costs."[4] In *Fogerty v. Fantasy, Inc.*[5] and *Kirtsaeng v. John Wiley*

---

[1] ECF No. 8.
[2] ECF No. 12.
[3] ECF No. 13.
[4] 17 U.S.C. § 505.
[5] 510 U.S. 517 (1994).

& Sons,[6] the Supreme Court laid out "several nonexclusive factors" that courts should consider in making awards of attorney's fees. The factors include "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence . . . so long as such factors are faithful to the purposes of the Copyright Act."[7] In *Kirtsaeng*, the Court said that courts should "give substantial weight to the reasonableness of [the losing party's] litigating position, but also take into account all other relevant factors."[8] The Fifth Circuit has put particular emphasis on the objective reasonableness of the losing party's position and considerations of compensation and deterrence.[9]

In the present case, Defendant argues that Plaintiff's main business is "extracting large sums in settlement of copyright claims."[10] Defendant alleges that Plaintiff is not in the business of creating photographs, but rather "its main business is bringing copyright claims based on exaggerated damages theories, taking advantage of the lack of sophistication of the small businesses that it targets and their lack of ready access to knowledgeable and affordable copyright counsel."[11] Plaintiff counters and suggests that counsel for Defendant is "an attorney with Public Citizen Litigation Group who has spent years blogging about Plaintiff and soliciting clients for which he can use to test his various theories/challenges to Plaintiff's litigation activity."[12] It is apparent to the Court from the parties' filings that Plaintiff and Defendant counsel have a history with one another that extends well beyond the present case. The Court's focus here, however, is the facts and claims of *this case*.

---

[6] 579 U.S. 197 (2016).
[7] *Fogerty*, 510 U.S. at 534 n.19.
[8] *579* U.S. at 208–10.
[9] *Batiste v. Lewis*, 976 F.3d 493, 507 (5th Cir. 2020).
[10] ECF No. 15, p. 1.
[11] *Id.*, at p. 14.
[12] ECF No. 17, p. 12.

The Court has reviewed the case in the context of the *Fogerty* factors and finds that an award of attorney fees and costs would not be appropriate. Although the case was voluntarily dismissed immediately following the filing of Defendant's motion alleging that the copyright infringement claim was untimely, there has been no finding regarding the merits of the copyright claim. The Court therefore cannot find that the claim was frivolous or objectively unreasonable. There is further no evidence in the record to reflect any motivation by Plaintiff other than the alleged attempt to protect its copyright. The Court also notes that Defendant has acknowledged that it repeatedly ignored communications from Plaintiff attempting to resolve this matter prior to litigation. Further, Defendant chose to file the Motion to Dismiss alleging untimeliness rather than communicating with counsel for Plaintiff. Since the voluntary dismissal was filed shortly after the filing of the Motion to Dismiss, it is reasonable to assume that Defendant could have avoided the necessity of filing the motion by simply communicating with counsel for Plaintiff that the lawsuit was untimely. The Court finds that an award of attorney fees in the present case would not advance the purposes of the Copyright Act. Accordingly, the Defendant's Application for Attorney Fees and Costs [ECF 15] is DENIED.

IT IS SO ORDERED.

THUS DONE in Chambers on this 20th day of March, 2025.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE